IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| United States of America, | ) |
| | ) Case No. 23-cv-144 |
| Plaintiff, | ) |
| | ) |
| Vs. | ) |
| | ) |
| James Huyser, | ) |
| Matthew Kinley, | ) |
| Kenneth Boyle, | ) |
| Jeffrey W. Carter, and | ) |
| JWC Investments, L.C., | ) |
| | ) |
| Defendants | ) |

**Answer and Affirmative Defenses
on behalf of James Huyser**

COMES NOW **James Huyser ["Defendant"]**, through counsel, and hereby submits his answer to the **Complaint** (Document #1) filed herein on or about the 1st day of May 2023.

**Answer to – Nature of the Action**

1. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶1 of the Complaint.

2. The allegations set forth in ¶2 of the Complaint are admitted in part and denied in part. Defendant admits ACR was formed, in part, to claim federal alternative fuel mixture credits. The remaining allegations set forth in ¶2 of the Complaint are denied.

3. The allegations set forth in ¶3 of the Complaint are denied.

4. The allegations set forth in ¶4 of the Complaint are denied.

5. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶5 of the Complaint in that a copy of the document referred to in ¶5 of the Complaint was not attached or provided to Defendant.

6. The allegations set forth in ¶6 of the Complaint is admitted in part and denied in part. Defendant admits that the United State's judgment against ACR remains unpaid. The remaining allegations set forth in ¶6 of the Complaint are denied.

7. The statements set out in ¶7 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶7 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶7 of the Complaint.

8. The statements set out in ¶8 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶8 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶8 of the Complaint.

9. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶9 of the Complaint.

### Answer to- Jurisdiction and Venue

10. The allegations set forth in ¶10 of the Complaint are admitted.

11. The allegations set forth in ¶11 of the Complaint are admitted.

### Answer to- Parties

12. The allegations set forth in ¶12 of the Complaint are admitted.

13. The allegations set forth in ¶13 of the Complaint are admitted.

14. The statements set out in ¶14 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶14 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶14 of the Complaint.

15. The statements set out in ¶15 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶15 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶15 of the Complaint.

16. The statements set out in ¶16 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶16 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶16 of the Complaint.

17. The statements set out in ¶17 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶17 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶17 of the Complaint.

### Answer to- ACR's Business Operations

18. The allegations set forth in ¶18 of the Complaint are admitted.

19. The allegations set forth in ¶19 of the Complaint are admitted.

20. The allegations set forth in ¶20 of the Complaint are admitted.

21. The allegations set forth in ¶21 of the Complaint are admitted.

22. The allegations set forth in ¶22 of the Complaint are admitted.

23. The allegations set forth in ¶23 of the Complaint are admitted.

24. The allegations set forth in ¶24 of the Complaint are admitted.

25. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶25 of the Complaint.

26. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶26 of the Complaint.

27. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶27 of the Complaint.

28. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶28 of the Complaint.

29. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶29 of the Complaint.

30. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶30 of the Complaint.

31. The statements set out in ¶31 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶31 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶31 of the Complaint.

32. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶32 of the Complaint.

33. The statements set out in ¶33 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶33 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶33 of the Complaint.

34. The statements set out in ¶34 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶34 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶34 of the Complaint.

35. The allegations set forth in ¶35 of the Complaint are denied.

36. The allegations set forth in ¶36 of the Complaint are denied.

37. The allegations set forth in ¶37 are admitted.

38. The allegations set forth in ¶38 of the Complaint are denied.

39. The allegations set forth in ¶39 of the Complaint are denied.

40. The allegations set forth in ¶40 of the Complaint are denied.

41. The allegations set forth in ¶41 of the Complaint are admitted in part and denied in part. Each of the parties named as Defendants herein participated in the operations of ACR at differing levels involving different areas of operation.

42. The answers to paragraphs 13, 20-23 are incorporated herein verbatim.

43. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶43 of the Complaint.

44. The allegations set forth in ¶44 of the Complaint are denied.

45. The answers to paragraphs 14-28 are incorporated herein verbatim. The remaining allegations set forth in ¶45 are denied.

46. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶46 of the Complaint.

47. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶47 of the Complaint

48. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶48 of the Complaint.

49. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶49 of the Complaint

50. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶50 of the Complaint.

51. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶51 of the Complaint.

52. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶52 of the Complaint.

53. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶53 of the Complaint.

54. The allegations set forth in ¶54 of the Complaint are admitted in part and denied in part. ACR contracted with a certified public accountant to provide bookkeeping services and to prepare and submit the necessary paperwork to the IRS in regard to the alternative fuel tax credits.

55. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶55 of the Complaint.

56. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶56 of the Complaint.

57. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶57 of the Complaint.

58. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶58 of the Complaint.

59. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶59 of the Complaint.

60. The allegations set forth in ¶60 of the Complaint are denied.

61. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶61 of the Complaint.

62. The allegations set forth in ¶62 of the Complaint are denied.

63. The allegations set forth in ¶63 of the Complaint are denied.

64. The allegations set forth in ¶64 of the Complaint are denied.

65. The allegations set forth in ¶65 of the Complaint are denied.

66. The allegations set forth in ¶66 of the Complaint are denied.

67. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶67 of the Complaint.

68. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶68 of the Complaint.

69. The allegations set forth in ¶69 of the Complaint are denied.

70. The allegations set forth in ¶70 of the Complaint are denied.

71. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶70 of the Complaint.

72. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶72 of the Complaint.

73. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶73 of the Complaint.

74. The answers to paragraphs 64-68 are incorporated verbatim.  The remaining allegations set forth in ¶74 of the Complain are denied.

75. The allegations set forth in ¶75 are admitted.

76. The allegations set forth in ¶76 are admitted.

77. The allegations set forth in ¶77 are admitted.

78. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶78 of the Complaint.

79. The allegations set forth in ¶79 are denied.

80. The allegations set forth in ¶80 are denied.

81. The allegations set forth in ¶81 are admitted.

82. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶82 of the Complaint.

83. The allegations set forth in ¶83 and subparts (a) & (b) are denied.

84. The allegations set forth in ¶84 are denied.

85. The allegations set forth in ¶85 are admitted.

86. The allegations set forth in ¶86 are denied.

87. The allegations set forth in ¶87 are denied.

88. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶88 of the Complaint.

89. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶88 of the Complaint.

90. The allegations set forth in ¶90 are denied.

91. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶91 of the Complaint.

92. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶92 of the Complaint.

93. The allegations set forth in ¶93 are denied.

94. The statements set out in ¶94 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶94 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶94 of the Complaint.

95. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶95 of the Complaint.

96. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶96 of the Complaint.

97. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶97 of the Complaint.

98. The allegations set forth in ¶98 are denied.

99. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶99 of the Complaint.

100. The allegations set forth in ¶100 are denied.

101. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶101 of the Complaint.

102. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶102 of the Complaint.

103. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶103 of the Complaint.

104. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶104 of the Complaint.

105. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶105 of the Complaint.

106. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶106 of the Complaint.

107. The allegations set forth in ¶107 are denied.

108. The allegations set forth in ¶108 are denied.

109. The allegations set forth in ¶109 are denied.

110. The allegations set forth in ¶110 are denied.

111. The allegations set forth in ¶111 are denied.

112. The allegations set forth in ¶112 are denied.

113. The allegations set forth in ¶113 are denied.

114. The allegations set forth in ¶114 are denied.

115. The allegations set forth in ¶112 are admitted.

116. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶116 of the Complaint.

117. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶117 of the Complaint.  The Ruling at 137 Fed. Cl. 1 (2018) speaks for itself.

118. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶118 of the Complaint.  The Ruling at 137 Fed. Cl. 1 (2018) speaks for itself.

119.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶119 of the Complaint.  The Ruling at 137 Fed. Cl. 1 (2018) speaks for itself.

120.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶120 of the Complaint.  The Ruling at 137 Fed. Cl. 1 (2018) speaks for itself.

121.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶121 of the Complaint.  The Ruling at 939 F.3rd 11320 speaks for itself.

122.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶122 of the Complaint.

123.  The allegations set forth in ¶123 are admitted.

124.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶124 of the Complaint.

125.  The allegations set forth in ¶125 are admitted.

126.  The allegations set forth in ¶126 are admitted.

127.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶127 of the Complaint.

128.  Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶128 of the Complaint.

129.  The allegations set forth in ¶129 are admitted.

130.  The allegations set forth in ¶130 are admitted.

131.  The allegations set forth in ¶131 are admitted.

132.  The allegations set forth in ¶132 are admitted.

133. The answers to paragraph 104-107 are incorporated herein verbatim. The remaining allegations set forth in ¶133 are denied.

134. The allegations set forth in ¶134 are denied.

135. The allegations set forth in ¶135 are denied.

136. The allegations set forth in ¶136 are denied.

137. The allegations set forth in ¶137 are denied.

138. The statements set out in ¶138 of the Complaint do not appear to require a response from Defendant. However, to the extent ¶138 of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶138 of the Complaint.

139. The allegations set forth in ¶139 are denied.

140. The answers to paragraphs 67-68 are incorporated verbatim. The allegations set forth in ¶140 are denied.

141. The allegations set forth in ¶141 are denied.

142. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶142 of the Complaint.

143. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶143 of the Complaint.

144. The allegations set forth in ¶144 and subparts a, b, c, and d are denied.

145. The allegations set forth in ¶145 are denied.

146. The allegations set forth in ¶146 are denied.

147. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶147 of the Complaint.

148. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶148 of the Complaint.

149. The answers to paragraph 67-68 are incorporated herein verbatim. The remaining allegations of ¶149 are denied.

150. The allegations set forth in ¶150 are denied.

151. The allegations set forth in ¶151 are denied.

152. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶152 of the Complaint.

153. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶153 of the Complaint.

154. The allegations set forth in ¶154 are denied.

155. The allegations set forth in ¶155 are denied.

156. The allegations set forth in ¶156 are denied.

157. The allegations set forth in ¶157 are denied.

158. The answers set out in paragraphs 144-145 above are incorporated herein verbatim. The remaining allegations set out in ¶158 are denied.

159. Pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in ¶159 and subparts a, b, c, d, e, and f, are denied.

160. The allegations set forth in ¶160 are denied.

**Answer to- Count I: Claim Against James Huyser**

161. The answers to paragraphs 1-13, 18-160 above are incorporated herein verbatim.

162. The allegations set forth in ¶162 are denied.

163.   The answers to paragraph 133-160 above are incorporated herein verbatim. The remaining allegations set forth in ¶163 are denied.

164.   The allegations set forth in ¶164 are denied.

WHEREFORE, Defendant James Huyser prays Count I of the Complaint against James Huyser be dismissed at Plaintiff's costs.

### Answer to Count II- Claim Against Matthew Kinley

165-168.   The statements set out in Count II: Claim Against Matthew Kinley and paragraphs 165-168 of the Complaint do not appear to apply to Defendant. However, to the extent any portion of Count II of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in Count II of the Complaint.

### Answer to Count III- Claim Against Kenneth Boyle

169-172.   The statements set out in Count III: Claim Against Kenneth Boyle and paragraphs 169-172 of the Complaint do not appear to apply to Defendant. However, to the extent any portion of Count III of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in Count III of the Complaint.

### Answer to Count IV- Claim Against JWC Investments LC and Jeffrey W. Carter

173-182   The statements set out in Count IV: Claim Against JWC Investments, LC and Jeffrey W. Carter and paragraphs 169-172 of the Complaint do not appear to apply to Defendant. However, to the extent any portion of Count III of the Complaint does require a response, then pursuant to Federal Rule of Civil Procedure 8(b)(5), Defendant lacks knowledge or information to form a belief about the truth of the allegations set out in Count III of the Complaint.

### AFFIRMATIVE DEFENSES

183.   Paragraphs 1-182 are incorporated herein verbatim.

184.   Defendant affirmatively submits the relief sought by Plaintiff herein is barred by one or more of the following affirmative defenses:

a. **Statute of Limitations**: Plaintiff's claims in this matter are barred by virtue of one or more statute of limitations including, but not limited to, Iowa Code §684.9 which provides, in relevant part:

> A claim for relief with respect to a transfer or obligation under this chapter is extinguished unless action is brought as follows:
>
> 1. Under section 684.4, subsection 1, paragraph "a", not later than four years after the transfer was made or the obligation was incurred or, if later, not later than one year after the transfer or obligation was or could reasonably have been discovered by the claimant.
>
> 2. Under section 684.4, subsection 1, paragraph "b", or section 684.5, subsection 1, not later than four years after the transfer was made or the obligation was incurred.
>
> 3. Under section 684.5, subsection 2, not later than one year after the transfer was made.

b. **Statute of Limitations**: Plaintiff's claims in this matter are barred by virtue of one or more statute of limitations including, but not limited to, Iowa Code §614.1(4) which provides, in relevant part:

> Actions may be brought within the times limited as follows, respectively, after their causes accrue, and not afterwards, except when otherwise specially declared:
>
> **4.** Unwritten contracts — injuries to property — fraud — other actions. Those founded on unwritten contracts, those brought for injuries to property, or for relief on the ground of fraud in cases heretofore solely cognizable in a court of chancery, and all other actions not otherwise provided for in this respect, within five years, except as provided by subsections 8 and 10.

c. **Laches:** Plaintiff's claims in this case are barred under the equitable doctrine of laches due to Plaintiff's unreasonable delay, lack of diligence, and lack of good faith in the untimely prosecution of this action is unfairly prejudicial to Defendant.

   a) Plaintiff's complaint states the alternative fuel tax credits which are the subject matter of this lawsuit were paid to Alternative Carbon Resources, LLC in 2011 further states that those alternative fuel tax credits were immediately disbursed out to the members, including Defendant. See Complaint ¶3 ¶19, ¶91-98, ¶101-104.

    b) Plaintiff's complaint states that as early as February 2011 the IRS began looking into the activities of ACR when it sent a "detailed questionnaire from the IRS to ACR about its business operations. See Complaint ¶159 (a-f)

    c) Plaintiff's Complaint notes that on 28 March 2018, the US Court of Federal Claims entered a money judgment against ACR in the amount of $59,320.179 (less any payments made and plus statutory interest and additions accruing according to law, in excise taxes assessed for improperly claims alternative fuel mixture credits and for assessed excessive claim penalties. *Alternative Carbon Res., LLC v. United States,* 137 Fed Cl. 1 (2018)

    d) Plaintiff's Complaint further notes that on 26 September 2019, that decision was upheld by the United States Court of Appeals for the Federal Circuit in *Alternative Carbon Res., LLC v. United States*, 939 F.3d 1230).

    e) Plaintiff took no action against Defendant individually until it commenced this action on 1 May 2023 which is 3 years, 7 months and 6 days after the final decision by the United States Court of Appeals for the Federal Circuit on 28 March 2018.

d. **Estoppel**: Plaintiff's claims in this case are barred under the equitable doctrine of estoppel in that the Plaintiff failed to take any action against Defendant individually for more than 10 years prior to the filing of the instant lawsuit notwithstanding the fact the IRS had knowledge of ACR's application for and receipt of the alternative fuel mixture tax credits and ACR's distribution of some of the tax credit funs to the members of ACR, including Defendant,

Plaintiff dilatory actions in this case should serve to estop Plaintiff from proceeding with its claims against Defendant after the more than decade delay involved under the facts and circumstances of this case.

    WHEREFORE, Defendant prays that Plaintiffs Complaint against him be dismissed at Plaintiff's costs

_____
**David A. Morse**
*Law Offices of David A. Morse*
1010 Insurance Exchange Building
505 Fifth Avenue
Des Moines, Iowa  50309
Ph: (515) 243-7600
Fx: (515) 243-0583
Email: dave@davemorselaw.com

**Certificate of Service**

      The undersigned certifies that on 23 May 2023, I electronically filed the foregoing instrument with the Clerk of Court using the Court's CM/ECF docketing system.  Subject to the exceptions cited therein, Local Rule 5A(d) provides this electronic filing, once posted, constitutes service on all parties who have appeared in the case and are ECF system registrants as contemplated by Federal Rule of Civil Procedure

      In the event one or more party to this action is excepted from electronic ECF service under the rule, then the foregoing instrument was served upon those excepted part(ies) by serving a copy of the foregoing instrument to each attorney of record (or pro se part(ies) herein at their respective addresses disclosed on the pleadings on the date shown above as follows:

☐ Via United States Mail, proper postage affixed to:
☐ Via e-mail addressed to:
☐ Via hand delivery to:

*Signature* _David A. Morse_ (signed)