IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HUYSER,
MATTHEW KINLEY,
KENNETH BOYLE,
JEFFREY W. CARTER, *and*
JWC INVESTMENTS, L.C.,

    Defendants.

Case No. 4:23-cv-00144-SHL-SBJ

**UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT JAMES HUYSER**

Plaintiff United States moves the Court for an order, pursuant to Fed. R. Civ. P. 12(f)(2), striking the affirmative defenses asserted by Defendant James Huyser in his Answer to the United States' Complaint. (ECF No. 8, Answer ("Ans.").) Defendant's affirmative defenses of state statute of limitations and laches are legally not cognizable in this civil tax collection action brought by the United States. And his purported "estoppel" defense is merely a duplicative (and unavailable) timeliness defense. Striking the defenses is important because they are legally not cognizable (as stated), it is in the interests of judicial economy, and doing so will avoid needless litigation, including discovery, as is more fully explained below.

# TABLE OF CONTENTS

I.   NATURE OF THE CASE AND AFFIRMATIVE DEFENSES ....................... 1

    A.   Statute of Limitation Defenses ...................................................................... 3

    B.   Laches ........................................................................................................... 3

    C.   "Estoppel" ..................................................................................................... 4

II.  RULE 12(F) STANDARD ................................................................................. 5

III. ARGUMENT ....................................................................................................... 6

    A.   State statutes of limitation are inapplicable and unavailable against the United States in this civil collection action. ............................................. 6

    B.   The equitable defense of laches is unavailable against the United States in this civil collection action. ...................................................................... 9

    C.   Huyser's third defense, labeled "estoppel," should also be stricken because it merely restates his improper timeliness defenses that are not available against the United States. ............................................................ 9

    D.   Striking these improper affirmative defenses is in the interest of judicial economy and will avoid wasting time and resources in this action. ........ 11

IV.  CONCLUSION ................................................................................................ 12

## I. NATURE OF THE CASE AND AFFIRMATIVE DEFENSES

Huyser, along with his fellow Defendants, formed the entity **Alternative Carbon Resources LLC** ("ACR") in 2011. (Cmplt. ¶¶ 13, 23-24; Ans. ¶¶ 13, 23-24 ¶ 184.c.a.)[1] ACR began active operations in 2011. (Cmplt. ¶ 37; Ans. ¶ 37.) Throughout 2011, ACR claimed and received millions in federal alternative fuel mixture credits and then the credits were paid to Huyser, and other members of ACR. (Cmplt. ¶¶ 13, 23-24, 37; Ans. ¶¶ 13, 23-24, 37 & ¶ 184.c.a.) Starting in 2012, the IRS conducted an audit of ACR's claims for the alternative fuel mixture credit. 137 Fed. Cl. at 19. On April 18, 2014, a delegate of the Secretary of the Treasury made excise tax assessments against ACR to recoup the credits the IRS found were improperly claimed and also assessed associated penalties. *Id.* at 19; (Cmplt. ¶ 115; Ans. ¶ 115 (admitting tax assessments made and that ACR contested the assessments).) ACR filed suit to dispute the assessments in the Court of Federal

---

[1] In support of this motion and for the purposes of this motion only, the United States relies on any allegations set forth in the affirmative defenses as true, any facts in the Complaint admitted and/or incorporated or referred to in these affirmative defenses, and documents referenced and incorporated in the affirmative defenses, including prior opinions of the Court of Federal Claims and Federal Circuit regarding ACR's tax liabilities subject of this suit. (Ans. ¶¶ 184.c. (*citing Alternative Carbon Resources LLC v. United States,* 137 Fed. Cl. 1 (Fed. Cl. 2018) & *Alternative Carbon Resources LLC v. United States,* 939 F.3d 12320 (Fed. Cir. 2019).) Pursuant to Fed. R. Evid. 201, the United States also asks the Court to take judicial notice of these published opinions because they are incorporated into Huyser's affirmative defenses and the facts therein are not reasonably in dispute. *See, e.g., Williams v. Emps. Mut. Cas. Co.*, 845 F.3d 891, 904 (8th Cir. 2017).

Claims, and the United States counterclaimed. *Id.*; (Cmplt. ¶¶ 115, 117-121; Ans. ¶¶ 115, 117-121 (admitting Court of Federal Claims ruling "speaks for itself").)

The Court of Federal Claims found ACR had *no* right to claim and receive the millions of alternative fuel mixture credits it claimed. 137 Fed. Cl. at 19, *aff'd,* 939 F.3d 1320 (Fed. Cir. 2019); (Cmplt. ¶¶ 115, 117-121; Ans. ¶¶ 115, 117-121).The United States also obtained a $59 million judgment against ACR ("**ACR Judgment**") on its counterclaim. (Cmplt. ¶ 120; Ans. ¶ 120 & 184.c.c.)  On September 26, 2019, the Federal Circuit affirmed the ACR Judgment against ACR. (Cmplt. ¶ 121; Ans. ¶¶ 121 &184.c.d.); 939 F.3d 1320, *passim*. The ACR Judgment remains unpaid. (Cmplt. ¶¶ 6, 132; Ans. ¶¶ 6, 132.)

In this suit, the United States seeks to hold Huyser, and the other member Defendants, liable for the debts of ACR because ACR was a sham corporation, served no legitimate business purpose, and was used primarily as a vehicle to promote injustice by improperly obtaining alternative fuel mixture credits to enrich the Defendants. (Cmplt. *passim*.) In the alternative, the United States seeks money judgments against the Defendants individually in the amounts of funds by received from ACR because they received such funds as fraudulent transferees. (*Id.*)

In response to the United States' Complaint, Huyser asserts three affirmative defenses: state statutes of limitations, laches, and "estoppel." None are available to him and each are described below.

### A. Statute of Limitation Defenses

Huyser pleads two bases for a <u>statute of limitations</u> defense. He asserts that either of these state statutes of limitations periods should bar the United States claims:

> (1) The Iowa four-year limitations period for recovering a fraudulent transfer or, if later, not later than one year after the transfer could reasonably have been discovered. ((Ans. ¶ 184.a. (citing Iowa Code § 684.9).)
>
> (2) The Iowa five-year limitations period for suits "founded on unwritten contracts…or for relief on the ground of fraud." ((Ans. 184.b. (citing Iowa Code § 614.1.4.).)

But as is further explained below, state statutes of limitations do not apply against the United States even when it uses a state's substantive law to recover federal taxes from taxpayers or third parties. *United States v. Wurdemann*, 663 F.2d 50, 51 (8th Cir. 1981)("It is well settled '(T)he United States is not bound by state statutes of limitation [] in enforcing its rights.'")(*quoting United States v. Fernon*, 640 F.2d 609, 612 (5th Cir. 1981)(*quoting United States v. Summerlin*, 310 U.S. 414, 416 (1940).)

### B. Laches

Second, Huyser asserts that the equitable defense of <u>laches</u> bars the United States claims because of the United States' "unreasonable delay, lack of diligence, and lack of good faith" in failing to bring suit against Huyser earlier. (Ans. ¶ 184.c.) Generally, laches is:

> [An] equitable doctrine by which a court denies relief to claimant[s] who have unreasonably delayed in asserting a claim, when that delay has prejudiced the party [the claim is brought against].

LACHES, Black's Law Dicitionary (11th ed. 2019); *Costello v. United States*, 365 U.S. 265, 282 (1961)(defining laches). Even so, the defense of laches cannot be asserted against the United States where, as it is here, the government is enforcing its public rights, such as collecting federal taxes owed. *Summerlin*, 310 U.S. at 416; *Wurdemann*, 663 F.2d at 51.

### C. "Estoppel"

Finally, Huyser raises a purported "estoppel" affirmative defense stated as follows:

> d. **Estoppel**: Plaintiff's claims in this case are barred under the equitable doctrine of estoppel in that the Plaintiff failed to take any action against Defendant individually for more than 10 years prior to the filing of the instant lawsuit notwithstanding the fact the IRS had knowledge of ACR's application for and receipt of the alternative fuel mixture tax credits and ACR's distribution of some of the tax credit funs to the members of ACR, including Defendant,
>
> Plaintiff dilatory actions in this case should serve to estop Plaintiff from proceeding with its claims against Defendant after the more than decade delay involved under the facts and circumstances of this case.

(Ans. ¶ 184.d.) Huyser's "estoppel" defense is not an "estoppel" defense at all.[2] Instead, this third defense is merely another timeliness defense that is not

---

[2] Equitable estoppel is defined as:

> [An] affirmative defense alleging good-faith reliance on a misleading representation and an injury or detrimental change in position resulting from that reliance.

ESTOPPEL, Black's Law Dictionary (11th ed. 2019).

cognizable under the guise of the term of "estoppel." Accordingly, and for the reasons below, it should also be stricken.

## II.     RULE 12(f) STANDARD

The United States seeks to strike Huyser's affirmative defenses under Fed. R. Civ. P. 12(f). Rule 12(f) provides that the Court may strike affirmative defenses that are "insufficient…redundant, immaterial, impertinent, or scandalous." Courts should strike affirmative defenses when, accepting all allegations in the affirmative defenses as true, they are "foreclosed by prior controlling decisions or statutes" or there is no legal basis for the defense. *Holt v. Quality Egg, L.L.C.*, 777 F. Supp. 2d 1160, 1169 n.5 (N.D. Iowa 2011); *Donelson v. Ameriprise Fin. Servs., Inc.,* 999 F.3d 1080, 1091-92 (8th Cir. 2021).[3]

While Rule 12(f) motions are not favored, it is a permissive rule and federal district courts also have "liberal discretion" to strike affirmative defenses when "it may have the effect of making the trial of the action less complicated or [it] may have the effect of otherwise streamlining the ultimate resolution of the action." *Rios v. State Farm Fire & Cas. Co.,* 469 F.Supp.2d 727, 733 (S.D. Iowa 2007); *Stanbury L. Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (describing "liberal discretion" standard).

---

[3] *And see United States v. Winnebago Tribe of Nebraska*, 542 F.2d 1002, 1007 (8th Cir. 1976) (affirming striking affirmative defense); *United States v. Dico, Inc.*, 266 F.3d 864, 880 (8th Cir. 2001) (striking constitutional affirmative defenses when foreclosed by Eighth Circuit precedent).

5

## III. ARGUMENT

### A. State statutes of limitation are inapplicable and unavailable against the United States in this civil collection action.

Huyser's state statute of limitations affirmative defenses are foreclosed by prior decisions or statutes since they are not applicable against the United States even where the United States uses state substantive law to collect taxes. *See Summerlin*, 310 U.S. at 416-17; *Wurdemann*, 663 F.2d at 51 (suit to set aside fraudulent transfer under state law).

In this case under 26 U.S.C. § 7402(a), the United States seeks to collect the outstanding tax liabilities of ACR against the members of ACR and/or against the members as the fraudulent transferees of ACR. (Cmplt. *passim*.) Section 7402(a) grants broad powers to the United States to obtain "to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." The Supreme Court has emphatically found that "[i]t is well settled that the United States is not bound by state statutes of limitations…in enforcing its rights." *Summerlin*, 310 U.S. at 416.

> When the United States becomes entitled to a claim, acting in its governmental capacity and asserts its claim in that right, <u>it cannot be deemed to have abdicated its governmental authority so as to become subject to a state statute putting a time limit upon enforcement.</u>

*Id.* at 417 (emphasis added) *see also United States v. Scherping*, 187 F.3d 796, 800-802 (8th Cir. 1999)(state statutes of limitations inapplicable in United States' collection suit seeking recovery under substantive state law regarding fraudulent transfer and alter ego).

6

The only potentially relevant limitations period is the one set forth in the Internal Revenue Code at 26 U.S.C. § 6502(a). The IRS generally has ten years from the date of a tax assessment to collect. 26 U.S.C. § 6502(a)(1).[4] Within that period, the United States must initiate:

> [a] proceeding in court for the collection of a tax…and [the period for collection] shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes unenforceable.

*Id.*; *see also, Scherping*, 187 F.3d at 800-802 (suit to enforce federal tax liens against properties titled in the names of taxpayer's alter egos and fraudulent transferees was timely brought under Section 6502(a) when suit was filed within the (then) 6-year collection period).

As stated, the United States asserted a counterclaim against ACR in the litigation ACR initiated in the Court of Federal Claims. (Cmplt. ¶¶ 115, 117; Ans. ¶¶ 115, 117); 137 Fed. Cl. at 21. The United States' counterclaim was brought within a year of the federal tax assessments made against ACR (regarding the improperly claimed alternative fuel mixture credits). 137 Fed. Cl. at 21 (assessments made April 2014 and suit and counterclaim filed early 2015). The United States' assertion of its counterclaim tolled the 10-year collection statute under 26 U.S.C. § 6502(a). *See United States v. Wodtke*, 627 F. Supp. 1034, 1041 (N.D. Iowa 1985)(applying principle (under predecessor 6-year statute) that timely

---

[4] The Section 6502(a) 10-year period can be extended through a number of statutory events, but they are not relevant to address here.

7

filing of collection "suit tolls the statutory period")(*citing United States v. Ettelson*, 159 F.2d 193, 196 (7th Cir. 1947) & *United States v. Overman,* 424 F.2d 1142 (9th Cir. 1970)), *aff'd,* 871 F.2d 1092 (8th Cir. 1988).[5]

Because the United States obtained the $59 million ACR Judgment (involving the tax and penalty assessments), the 10-year collection statute under Section 6502(a) was extended <u>indefinitely</u>. *See Wodtke*, 627 F. Supp. at 1041 (obtaining a judgment keeps "the time for collection open indefinitely"); *Overman,* 424 F.2d at 1147 (9th Cir. 1970)("judgment [timely obtained for federal tax assessments] is not subject to limitations is and is enforceable at any time."); *see also Rodriguez v. Escambron Dev. Corp.,* 740 F.2d 92, 94 n.3 (1st Cir. 1984); *United States v. Layman*, 149 F. App'x 675, 676 (9th Cir. 2005).

Since the 10-year statute of limitations period has already been extended indefinitely, the filing of this collection action against Defendants is timely and no statute of limitations (or state statute of limitation) applies. Huyser's first defense should therefore be struck.

---

[5] *See also United States v. Kuyper*, 2012 WL 1932111, at *4 (D.S.D. May 29, 2012) (finding state statutes of limitations inapplicable and suit timely filed against taxpayer and alter ego because brought within 10 years of tax assessments); *United States v. Hoyt*, 524 F. Supp. 2d 638, 641 (D. Md. 2007)(limitations period for federal tax collection suit for fraudulent conveyance is the 10 year limitation under Section 6502(a) alone).

**B. The equitable defense of laches is unavailable against the United States in this civil collection action.**

In *United States v. Summerlin*, the Supreme Court held that laches does not apply against the United States when it is acting in its sovereign capacity and enforcing its rights, such as assessing or collecting taxes. *Summerlin*, 310 U.S. at 416; *Wurdemann*, 663 F.2d at 51; *see also United States v. Patras*, 544 F. App'x 137, 143 (3d Cir. 2013)(in suit to collect outstanding federal tax liabilities against fraudulent transferee of taxpayer the United States was not subject to the defense of laches); *United States v. W. Texas State Bank*, 357 F.2d 198, 200–201 (5th Cir. 1966)(finding laches defense unavailable because "Government has not abandoned its governmental position, since this is a suit to collect taxes."); *Hatchett v. United States*, 330 F.3d 875, 887 (6th Cir. 2003)(the "general rule that the Government is exempt from the doctrine of laches applies [in tax collection actions]"); *Chevron, U.S.A., Inc. v. United States*, 705 F.2d 1487, 1491 (9th Cir. 1983); *United States v. Johnson*, 920 F.3d 639, 644 (10th Cir. 2019)("the Government is always acting in its sovereign capacity when it seeks to collect unpaid federal taxes").

The same circumstances apply here. The United States has brought a suit to collect taxes, under its authority as a sovereign, and a laches defenses is legally unavailable to Huyser and must be stricken.

**C. Huyser's third defense, labeled "estoppel," should also be stricken because it merely restates his improper timeliness defenses that are not available against the United States.**

After having already pled affirmative defenses based on statutes of limitations and laches, Huyser repeats his unavailable timeliness defense a final

time in this third defense, termed "estoppel." He claims the United States' suit should be defeated because the United States should have sued him sooner. (Ans.¶ 184.d.); *supra* Section I.C.  Calling this defense "estoppel" does not render this a recognizable defense that can survive a motion to strike.

Fed. R. Civ. P. 12(f) itself provides that the court may strike "any redundant…matter." Federal district courts regularly strike affirmative defenses that are interpreted as duplicative of other defenses. *See, e.g.*, *Brooks v. Tapestry, Inc.,* 2022 WL 3229779, at *5 (E.D. Cal. Aug. 10, 2022)(striking duplicative affirmative defense); *U.S. Equal Emp. Opportunity Comm'n v. O'Reilly Auto. Stores, Inc.*, 2020 WL 13547859, at *8 (M.D. Fla. Jan. 21, 2020), *report and recommendation adopted,* 2020 WL 13547822, at *1 (M.D. Fla. Feb. 24, 2020); *Herbst v. Ressler & Assocs. Inc.,* 2014 WL 4205294, at *10 (E.D. Mo. Aug. 22, 2014)(striking duplicative portions of affirmative defenses). That is the case here – Huyser's third affirmative defense is redundant of his other unavailable defenses and should be treated the same.

Allowing Huyser to proceed to use this "estoppel" defense against the United States for identical allegations of delay would circumvent the statute of limitations and improperly limit the United States' ability to collect taxes from *any* liable source.[6] *United States v. Galletti,* 541 U.S. 114, 123 (2004)(finding once assessed

---

[6] Further, permitting this unavailable defense to proceed would prejudice the United States with burdensome discovery on irrelevant matters. Courts in their discretion may strike defenses when failing to strike would prejudice the moving

(continued...)

taxes can be collected for any person liable to repayment of the debt). <u>Here, the "estoppel" defense a misnomer – Huyser seeks the same relief as under his statutes of limitations and laches defenses that are also properly stricken</u>. The Court should do so here as well.

**D. Striking these improper affirmative defenses is in the interest of judicial economy and will avoid wasting time and resources in this action.**

Finally, striking Huyser's three affirmative defenses will avoid wasting the Court's time and resources in litigating irrelevant matters in this collection action. In exercise of their liberal discretion, Courts have stricken affirmative defenses that would result in

> [A] fishing expedition through unnecessary investigation [into government activities] that would waste the parties' time and money and require unnecessary expenditure of judicial resources.

*SEC v. Carebourn Cap., L.P.*, 2022 WL 1090825, at *6–7 (D. Minn. Apr. 12, 2022)(striking equitable "unclean hands" defense); *Verdiglione*, 2019 WL 6711700, at *5 (striking affirmative defenses when would prejudice plaintiff by unnecessary and burdensome discovery and/or would make trial less complicated).

The affirmative defenses of statutes of limitations, laches, and "estoppel," if permitted to remain in this case, would invite such a fishing expedition on a legally

---

party. *See, e.g.*, *Hull Partners, LLC v. Clean Fuels All. Am.*, 2022 WL 17369718, at *15 (S.D. Iowa Nov. 21, 2022); *see also, Verdiglione v. Mercado Del Rio Prop., LLC*, 2019 WL 6711700, at *5 (C.D. Cal. June 3, 2019) ("[i]n many cases, the prospect of expensive and potentially unnecessary and irrelevant discovery is more than sufficient prejudice to justify [granting] a motion to strike.")

unavailable defenses and into the irrelevant matter of what actions the IRS may or may not have taken to collect the ACR Judgment.

## IV. CONCLUSION

For all these reasons, the Court ought to strike Huyser's affirmative defenses of state statutes of limitations, laches, and "estoppel."

Dated: June 13, 2023

Respectfully submitted,

RICHARD D. WESTPHAL
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov