# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>JAMES HUYSER, MATTHEW KINLEY, KENNETH BOYLE, JEFFREY W. CARTER, and JWC INVESTMENTS, L.C.,<br><br>    Defendants. | Case No. 4:23-cv-00144 |

**DEFENDANT MATTHEW KINLEY'S ANSWER TO COMPLAINT**

Defendant Matthew Kinley answers and alleges as follows in response to Plaintiff's Complaint.

**Nature of the Action**

1. The allegations in Paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

2. Mr. Kinley admits that ACR intended to claim federal alternative fuel mixture credits and that ACR did claim such credits. Mr. Kinley denies the remaining allegations of Paragraph 2.

3. Denied.

4. Mr. Kinley admits that the U.S. Court of Federal Claims entered a judgment to the effect of this paragraph. Mr. Kinley denies that he was personally aware that ACR was not entitled to claim the credits.

1

5.  Mr. Kinley admits that in March 2018, the U.S. Court of Federal Claims entered a money judgment against ACR in the amount of $59,320,179, inclusive of penalties. Mr. Kinley denies the remaining allegations of Paragraph 5.

6.  Mr. Kinley admits that the United States' judgment against ACR is unpaid. Mr. Kinley lacks sufficient knowledge and information regarding the remaining allegations in Paragraph 6 and denies the same.

7.  The allegations in Paragraph 7 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Kinley denies the allegations.

8.  The allegations in Paragraph 8 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Kinley denies the allegations.

9.  Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 9 and denies the same.

**Jurisdiction and Venue**

10. The allegations in Paragraph 10 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Kinley denies the allegations.

11. The allegations in Paragraph 11 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Kinley denies the allegations.

**Parties**

12. Admitted.

13. The allegations in Paragraph 13 consist of legal conclusions to which no response is required.  To the extent a response is deemed required, Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 13 and denies the same.

14. Mr. Kinley admits that he resides in Iowa. Mr. Kinley admits that he received a Certified Public Accountant designation in 1990 and has not practice as a CPA since 1995. Mr. Kinley admits that he was a member of ACR. Mr. Kinley admits that he is listed as ACR's "Assistant Authorized Member Representative" on a document labeled as an exhibit to ACR's operating agreement. The remaining allegations of Paragraph 14 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

15. The allegations in Paragraph 15 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 15 and denies the same.

16. The allegations in Paragraph 16 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 16 and denies the same.

17. The allegations in Paragraph 17 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 17 and denies the same.

## ACR'S BUSINESS OPERATIONS

### ACR was formed to receive alternative fuel mixture credits from the United States.

18. Admitted.

19. Admitted.

20. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 20 and denies the same.

21. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 21 and denies the same.

22. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 22 and denies the same.

23. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 23 and denies the same.

24. Mr. Kinley admits that he did not become a member of ACR until after Mr. Huyser and Mr. Carter had founded the company. Mr. Kinley lacks sufficient knowledge and information regarding the remaining allegations in Paragraph 24 and denies the same.

25. Mr. Kinley admits that he executed a copy of the ACR Operating Agreement. The ACR Operating Agreement is reduced to a writing that speaks for itself.  To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 25.

26. The ACR Operating Agreement is reduced to a writing that speaks for itself.  To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 26.

27. Mr. Kinley admits that he executed a copy of the ACR Operating Agreement. The ACR Operating Agreement is reduced to a writing that speaks for itself.  To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 27.

28. Mr. Kinley admits that he is listed as ACR's "Assistant Authorized Member Representative" on a document labeled as an exhibit to ACR's operating agreement. The ACR

Operating Agreement is reduced to a writing that speaks for itself.  To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 28.

**The Defendants paid a net of $250.00 in capital contributions in exchange for their membership interests in ACR.**

29. Admitted.

30. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 30 and denies the same.

31. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 31 and denies the same.

32. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 32 and denies the same.

33. Mr. Kinley admits that he executed a check dated March 1, 2011 for $250 to ACR. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 33 and denies the same.

34. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 34 and denies the same.

35. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 35 and denies the same.

36. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 36 and denies the same.

**ACR only actively operated by transporting its waste / diesel mixture during the 2011 calendar year.**

37. Mr. Kinley lacks sufficient knowledge and information regarding the allegations of Paragraph 37 and denies the same.

38. Denied.

39. Mr. Kinley admits that ACR incurred the operating expenses described in Paragraph 39, except that Mr. Kinley denies that terms "ethanol waste" or "waste" accurately describe the biomass materials processed by ACR. Mr. Kinley denies the remaining allegations of Paragraph 39.

40. Mr. Kinley admits that ACR received income in the form of alternative fuel mixture credit payments. Mr. Kinley denies the remaining allegations of Paragraph 40.

**The Member Defendants actively participated in the operations of ACR.**

41. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 41 and denies the same.

42. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 42 and denies the same.

43. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 43 and denies the same.

44. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 44 and denies the same.

45. Mr. Kinley admits that he is listed as ACR's "Assistant Authorized Member Representative" on a document labeled as an exhibit to ACR's operating agreement. Mr. Kinley admits that he worked part-time on ACR's behalf to develop new accounts for ACR. Mr. Kinley denies the remaining allegations of Paragraph 45.

46. Denied.

47. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 47 and denies the same.

48. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 48 and denies the same.

49. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 49 and denies the same.

50. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 50 and denies the same.

51. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 51 and denies the same.

52. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 52 and denies the same.

53. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 53 and denies the same.

**The Member Defendants, through ACR, wrongfully claimed and received over $19 million in alternative fuel credits from the United States.**

54. Mr. Kinley admits that ACR contracted with a certified public accountant to provide bookkeeping services and prepare and submit the paperwork to the IRS to claim the alternative fuel mixture tax credits. Mr. Kinley denies the remaining allegations of Paragraph 54.

55. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 55 and denies the same.

56. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 56 and denies the same.

57. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 57 and denies the same.

58. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 58 and denies the same.

59. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 59 and denies the same.

60. Denied.

61. Denied.

### ACR WAS A SHAM CORPORATION AND ITS CORPORATE VEIL SHOULD BE PIERCED

62. Denied.

63. The allegations in Paragraph 63 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

**When it was started, and throughout its operations, ACR was undercapitalized.**

64. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 64 and denies the same.

65. The allegations in Paragraph 65 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

66. The allegations in Paragraph 66 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

67. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 67 and denies the same.

68. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 68 and denies the same.

69. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 69 and denies the same.

**The Defendants failed to follow corporate formalities in operating ACR.**

70. Denied.

71. The ACR Operating Agreement is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley lacks sufficient knowledge and information regarding the remaining allegations in Paragraph 71 and denies the same.

72. The ACR Operating Agreement is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley lacks sufficient knowledge and information regarding the remaining allegations in Paragraph 72 and denies the same.

73. The ACR Operating Agreement is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations in Paragraph 73.

74. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 74 and denies the same.

75. Admitted.

76. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 76 and denies the same.

77. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 77 and denies the same.

78. The allegations in Paragraph 78 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

79. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 79 and denies the same.

**The Member Defendants operated ACR as a sham corporation formed solely to claim and receive federal alternative fuel mixture credits.**

80. The allegations in Paragraph 80 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

81. Denied.

82. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 82 and denies the same.

83. Denied.

84. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 84 and denies the same.

85. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 85 and denies the same.

86. Denied.

87. Denied.

88. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 88 and denies the same.

89. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 89 and denies the same.

90. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 90 and denies the same.

**THE MEMBER DEFENDANTS CAUSED ACR TO PAY MILLIONS IN IMPROPERLY CLAIMED TAX CREDITS TO THEMSELVES**

91. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 91 and denies the same.

92. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 92 and denies the same.

93. Denied.

94. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 94 and denies the same.

95. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 95 and denies the same.

96. Denied.

97. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 97 and denies the same.

98. Mr. Kinley admits that the alternative fuel mixture credit expired on December 31, 2011. Mr. Kinley admits that ACR stopped delivering loads to digester operators as of the end of 2011. Mr. Kinley denies the remaining allegations of Paragraph 98.

99. Admitted.

100. Denied.

101. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 101 and denies the same.

102. Denied.

103. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 103 and denies the same.

104. Denied.

105.    Mr. Kinley admits that ACR made distributions to Mr. Kinley in 2011 totaling $500,000. Mr. Kinley lacks sufficient knowledge and information regarding the remaining allegations in Paragraph 105 and denies the same.

106.    Mr. Kinley admits that ACR made distributions to Mr. Kinley in 2012 totaling $330,000. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 106 and denies the same.

107.    Denied.

108.    Denied.

109.    The allegations in Paragraph 109 contain legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

110.    Denied.

111.    The allegations in Paragraph 111 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

112.    Denied.

113.    The allegations in Paragraph 113 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

### ACR OWES OVER $70 MILLION TO THE UNITED STATES

**After the Defendants halted ACR's operations, the United States obtained a large money judgment against ACR for the improperly claimed alternative fuel mixture credits.**

114.    Admitted that on April 18, 2014 a delegate of the Secretary of the Treasury made excise tax assessments against ACR for alternative fuel mixture credits ACR had received, plus interest and penalties. Mr. Kinley denies the remaining allegations of Paragraph 114.

115. Mr. Kinley admits ACR filed a complaint in the U.S. Court of Federal Claims against the United States, seeking refund of a partial payment it made against excise tax assessments. ACR's Complaint is reduced to a writing that speaks for itself.

116. The United States' counterclaim is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 116.

### The Court of Federal Claims found that ACR was not entitled to alternative fuel mixture tax credits and was liable for $59,320,179.00 in tax and penalties.

117. The Court of Federal Claims' order is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 117.

118. The Court of Federal Claims' order is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 118.

119. The Court of Federal Claims' order is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Kinley denies the remaining allegations of Paragraph 119.

120. The Court of Federal Claims' order is reduced to a writing that speaks for itself. To the extent any allegations remain that require a response, Mr. Kinley denies the remaining allegations of Paragraph 120.

121. Admitted.

122. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 122 and denies the same.

123. Admitted.

124. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 124 and denies the same.

125. Mr. Kinley admits that he assisted with locating documents in response to discovery requests in the Refund Suit. Mr. Kinley admits that he contributed funds for payment of legal fees to ACR's counsel. Mr. Kinley lacks sufficient knowledge and information regarding the remaining allegations in Paragraph 125 and denies the same.

126. Mr. Kinley admits that he assisted with locating documents in response to discovery requests in the Refund Suit. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 126 and denies the same.

127. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 127 and denies the same.

128. Mr. Kinley admits that he produced documents in response to a subpoena. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 128 and denies the same.

129. Mr. Kinley admits that he sat for a deposition and gave testimony. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 129 and denies the same.

130. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 130 and denies the same.

131. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 131 and denies the same.

132. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 132 and denies the same.

**ALTERNATIVELY, THE FUNDS DEFENDANTS RECEIVED FROM ACR WERE FRAUDULENT TRANSFERS AS TO THE UNITED STATES**

**The Transfers made by ACR to the Defendants were fraudulent because they were made with actual intent to hinder, delay, or defraud.**

133. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 133 and denies the same.

134. The allegations in Paragraph 134 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

*The Transfers Were Made to ACR Insiders*

135. The allegations in Paragraph 135 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

136. The allegations in Paragraph 136 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

137. The allegations in Paragraph 137 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

138. The allegations contained in Paragraph 138 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 138 and denies the same.

### *The Transfers Constituted Substantially All of ACR's Assets*

139. Denied.

140. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 140 and denies the same.

141. Denied.

142. Admitted.

143. The allegations contained in Paragraph 143 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 143 and denies the same.

### *The Transfers Were Not For Reasonably Equivalent Value*

144. Denied.

145. The allegations in Paragraph 145 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

### *The Transfers Rendered ACR Insolvent*

146. Denied.

147. Denied.

148. Denied.

149. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 149 and denies the same.

150. Denied.

### *The Transfers Were Made Shortly After ACR Incurred a Substantial Debt*

151. The allegations in Paragraph 151 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

152. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 152 and denies the same.

153. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 153 and denies the same.

154. The allegations in Paragraph 154 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

155. Mr. Kinley lacks sufficient knowledge and information regarding the allegations in Paragraph 155 and denies the same.

156. Denied.

157. Denied.

**The Transfers made by ACR to the Defendants were also constructively fraudulent because they were made without receiving a reasonably equivalent value in exchange.**

158. The allegations in Paragraph 158 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

159. The allegations in Paragraph 159 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

160. The allegations in Paragraph 160 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Mr. Kinley denies the allegations.

### COUNT I:  Claim Against James Huyser

161. Mr. Kinley incorporates by reference his responses to the preceding paragraphs.

162. The allegations contained in Paragraph 162 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

163. The allegations contained in Paragraph 163 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

164. The allegations contained in Paragraph 164 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

### COUNT II:  Claim Against Matthew Kinley

165. Mr. Kinley incorporates by reference his responses to the preceding paragraphs.

166. Denied.

167. Denied.

168. Denied.

### COUNT III:  Claim Against Kenneth Boyle

169. Mr. Kinley incorporates by reference his responses to the preceding paragraphs.

170. The allegations contained in Paragraph 170 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

171. The allegations contained in Paragraph 171 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

172. The allegations contained in Paragraph 172 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

## COUNT IV:  Claim Against JWC Investments, L.C. and Jeffrey W. Carter

173. Mr. Kinley incorporates by reference its responses to the preceding paragraphs.

### Carter operated JWC as his alter ego

174. The allegations contained in Paragraph 174 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

175. The allegations contained in Paragraph 175 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

176. The allegations contained in Paragraph 176 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

177. The allegations contained in Paragraph 177 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

178. The allegations contained in Paragraph 178 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

### Carter and his alter ego JWC should be held jointly and severally liable for the debts of ACR

179. The allegations contained in Paragraph 179 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

180. The allegations contained in Paragraph 180 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

181. The allegations contained in Paragraph 181 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

182. The allegations contained in Paragraph 182 are not directed to Mr. Kinley. To the extent a response is deemed required, Mr. Kinley denies the allegations.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Defendant Matthew Kinley alleges and asserts the following defenses in response to the allegations in Plaintiff's Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the defenses described below, Mr. Kinley specifically reserves all rights to allege additional defenses not enumerated herein, including additional defenses that become known through the course of discovery.

1. Plaintiff's Complaint fails to state a claim against Mr. Kinley upon which relief may be granted.

2. Plaintiff is not entitled to hold Mr. Kinley, a minority owner who at all relevant times acted in good faith and without ulterior motive, who did not participate in the acts resulting in ACR's liability, did not perform duties of an officer of ACR, and who did not personally abuse the corporate privilege, liable for ACR's debts.

Dated: July 5, 2023

Respectfully submitted,

/s/Matthew A. McGuire
Bruce W. Baker, AT0000673
Matthew A. McGuire, AT0011932
NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3899
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email: bwbaker@nyemaster.com
       mmcguire@nyemaster.com

**ATTORNEYS FOR DEFENDANT MATTHEW KINLEY**