## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

---

UNITED STATES OF AMERICA,

      Plaintiff,

      v.

JAMES HUYSER,
MATTHEW KINLEY,
KENNETH BOYLE,
JEFFREY W. CARTER, *and*
JWC INVESTMENTS, L.C.,

      Defendants.

Case No. 4:23-cv-00144-SHL-SBJ

---

### UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT JAMES HUYSER

Pursuant to Local Rule 7(g), Plaintiff United States submits this reply on new matters and authorities raised in Defendant Huyser's *Resistance to United States' Motion to Strike Affirmative Defenses of Defendant James Huyser* filed at ECF Nos. 20 & 20-1.

The United States addresses three errors in Huyser's response: <u>first</u>, a federal statute of limitation does apply to its suit (26 U.S.C. § 6502(a)); <u>second</u>, controlling Supreme Court and Eighth Circuit authority hold state limitations periods do *not* apply to the United States; and, <u>third</u>, Huyser erroneously relies on *United States v. Velallos,* 780 F. Supp. 705 (D. Hawaii 1992), a case abrogated by the Ninth Circuit over twenty years ago.

i

I.      **The Internal Revenue Code, at 26 U.S.C. § 6502(a), sets forth the applicable statute of limitations for the United States' suit to collect outstanding tax liabilities.**

Huyser incorrectly posits that there is no applicable federal statute of limitations in this case and for that reason limitations periods under Iowa law should apply. (ECF No 20-1 at 6.) This argument is both incorrect and unsupported.

Under 26 U.S.C. § 6502(a), the United States must bring suit to collect federal tax assessments within 10 years of assessment and, once that has happened, the collection period is extended indefinitely.[1] The United States obtained a judgment against ACR within this limitations period and now can proceed to collect these liabilities, against any liable person, indefinitely. (*See* ECF No. 17-1, U.S. Motion at 6-8.)

Huyser is correct that there are other federal limitations periods – but they are inapplicable here. Huyser references 26 U.S.C. § 6901(c) as another possible bar. (ECF No. 20-1 at 6-7.) Section 6901(c) sets forth a limitations period within which the IRS may make separate assessments of tax liability against the transferees of a taxpayer. <u>The United States does not dispute this limitation exists in that context, but that is not the context of this case.</u> There have been no separate

---

[1] *See United States v. Wodtke*, 627 F. Supp. 1034, 1041 (N.D. Iowa 1985)(timely filing of collection "suit tolls the statutory period"); *United States v. Jones*, 631 F. Supp. 57, 59 (W.D. Mo. 1986)("When an assessment has been reduced to a judgment, there is no period of limitations on collection"); *see also United States v. Overman*, 424 F.2d 1142, 1147 (9th Cir. 1970)( "judgment [timely obtained for federal tax assessments] is not subject to limitations is and is enforceable at any time.")

assessments made against the transferee Defendants in this case. The United States has already obtained its judgment against ACR and extended the period to collect the ACR liabilities. The United States is *not* obligated or required to make separate assessments against transferees in order to collect the original ACR liabilities. *United States v. Leighton,* 289 U.S. 506, 507 (1933); *Payne v. United States*, 247 F.2d 481, 484-85 (8th Cir. 1957); *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1301 (11th Cir. 2021). Section 6901 is simply another means by which the IRS may choose to collect liabilities, but:

> [N]othing in the [Internal Revenue] Code requires the IRS to duplicate its efforts by separately assessing the same tax against individuals or entities who are not the actual taxpayers, but are, by reason of state law, liable for payment of the taxpayer's debt."

*Henco,* 985 F.3d at 1301 (*quoting United States v. Galetti,* 541 U.S. 114, 123 (2004).)

Section 6502(a) is the applicable limitation and it has been tolled indefinitely by obtaining a judgment against ACR.

## II. Controlling Supreme Court and Eighth Circuit authority hold that state statutes of limitations do not bar the United States' claims.

Huyser parrots unsupported arguments that there is no controlling law on the issue of whether state statutes of limitations can apply against the United States. (ECF No. 20-1 at 8-12.) He is thoroughly wrong.

Since *United States v. Summerlin*, 310 U.S. 414, 416 (1940), federal courts nationwide have followed the *Summerlin* Rule – that when the United States is enforcing its rights as a sovereign, it is *not* barred by any state statutes of limitations. The Eighth Circuit has affirmed that state statutes of limitations are

2

inapplicable against the United States in actions to set aside fraudulent transfers to third parties and to collect federal tax liabilities against a taxpayer's alter ego or by piercing the corporate veil. *United States v. Wurdemann*, 663 F.2d 50, 51 (8th Cir. 1981)(fraudulent transfer suit); *see also, United States v. Brown*, 835 F.2d 176, 180 (8th Cir. 1987); *Karras v. Karras*, 16 F.3d 245, 246-47 (8th Cir. 1994)(fraudulent transfer action); *United States v. Scherping*, 187 F.3d 796, 800-802 (8th Cir. 1999)(action to set aside fraudulent transfer and pierce veil). District Courts within the Eighth Circuit rightly follow this controlling authority.[2] And Circuit Courts across the country also find that *Summerlin* is controlling in holding that state statutes of limitations do not apply against the United States in federal tax collection suits such as this.[3]

---

[2] *See United States v. Fowler,* 2020 WL 4720548, at * (E.D. Ark. Aug. 13, 2020)(in federal collection action with veil piercing and fraudulent transfer claims, finding "[taxpayer] is mistaken on the merits of limitations because federal law, not Arkansas law, controls that issue")(*citing Wurdemann,* 633 F.2d at 51); *United States v. Arthur,* 2011 WL 4369425, at *1 (E.D. Mo. Sept. 19, 2011)("United States is not bound by state statute of limitations when collecting delinquent tax liabilities.")*; United States v. Bigalk,* 654 F. Supp. 2d 983, 987-88, 990 (D. Minn. 2009)(in federal collection action to set aside fraudulent conveyance against taxpayer's transferees and alter egos, finding Minnesota statute of limitation does not apply); *United States v. Scherping,* 1992 WL 188817, at *1 (D. Minn. May 26, 1992)("[T]he United States is not bound by state statutes of limitation, it is of course bound by federal statutes of limitation [26 U.S.C. § 6502]"); *United States v. Jones*, 631 F. Supp. 57, 59 (W.D. Mo. 1986)("When an assessment has been reduced to a judgment, there is no period of limitations on collection and the liens remain enforceable.")

[3] *See e.g.*, *United States v. Patras*, 544 F. App'x 137, 143 (3d Cir. 2013); *United States v. Fernon,* 640 F.2d 609, 612 (5th Cir. 1981); *United States v. Bacon*, 82 F.3d 822, 825 (9th Cir. 1996); *Bresson v. C.I.R.*, 213 F.3d 1173, 1178-79 (9th Cir. 2000);

Huyser's assertion that *Summerlin* and *Wurdemann* are mere dicta is contradicted by <u>decades</u> of precedent finding otherwise.

## III.   Huyser's reliance on *United States v. Vellalos* is improper because the case was expressly abrogated by the Ninth Circuit.

Huyser's *Resistance* is short on authority in support of *any* position taken therein. Rather, the bulk of his opposition consists of restating (and copying and pasting) the arguments set forth in *United States v. Vellalos,* 780 F. Supp. 705 (D. Hawaii 1992). (ECF No. 20-1 at 9-11.) The *Vellalos* Court found that a state limitations period applied to extinguish a federal tax collection fraudulent transfer claim and chose to *not* follow the authority set forth in *Summerlin* or *Wurdemann*. *Id.* at 707 n.3.

Huyser neglects to identify that *Vellalos* was expressly abrogated by the Ninth Circuit in *Bresson v. C.I.R.,* 213 F.3d 1173, 1178 (9th Cir. 2000). <u>*Velallos* is not only *not* persuasive authority – it is not good law</u>. In *Bresson,* the Ninth Circuit found that, while the United States must rely on a state fraudulent transfer statute to establish transferee liability, the United States' right to collect the federal tax derives from federal law (the Internal Revenue Code), the United States brought its collection suit in its sovereign capacity, and, accordingly, the *Summerlin* Rule applies. *Id.* at 1178.

---

*United States v. Wade*, 790 F. App'x 906, 909 (10th Cir. 2019); *United States v. Henco Holding Corp.*, 985 F.3d 1290, 1296-97 (11th Cir. 2021).

> [S]tates transgress the limits of state power when they
> attempt to set limitations period on claims acquired by
> the United States in its governmental capacity.

*Id.* at 1179 (internal citation and quotation omitted).

As stated above, the Eighth Circuit has repeatedly held that *Summerlin* applies in precisely this type of collection suit. Huyser points to *no* controlling authority for his baseless position.

## IV.   Huyser presents no arguments why his "estoppel" defense should not be stricken as an unavailable timeliness defense.

Finally, in his *Resistance*, Huyser presents no arguments why his "estoppel" defense should not be treated as an improper timeliness defense and stricken along with his limitations and laches defenses. Accordingly, this defense should also be stricken under the *Summerlin* Rule because it cannot be asserted against the United States here and he has provided no authority otherwise.

## V.   CONCLUSION

For all these reasons, the Court should proceed to strike Huyser's affirmative defenses of state statutes of limitations, laches, and "estoppel." Huyser has presented no support for his arguments, relies on bad law, and ignores decades of controlling precedent to the contrary.

Dated: July 6, 2023                  Respectfully submitted,

RICHARD D. WESTPHAL
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of July, 2023, a true and correct copy of the foregoing UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO STRIKE AFFIRMATIVE DEFENSES OF DEFENDANT JAMES HUYSER and supporting documents have been served by filing electronically with the Court's CM / ECF system on the following ECF participants:

David A. Morse, Esq.
Law Offices of David A. Morse
1010 Insurance Exchange Building
505 Fifth Avenue
Des Moines, IA 50309

Todd Lantz, Esq.
Weinhardt Law Firm
2600 Grand Avenue, Suite 450
Des Moines, IA 50312

*Counsel for Defendant James Huyser*

*Counsel for Defendant Kenneth Boyle*

Shayla McCormally, Esq.
McCormally & Cosgrove PLLC
4508 Fleur Drive
Des Moines, IA 50321
shayla@mciowalaw.com

Bruce W. Baker, Esq.
Matthew A. McGuire, Esq.
Nyemaster Goode PC
700 Walnut Street, Suite 1600
Des Moines, IA 50309
bwbaker@nyemaster.com
mmcguire@nyemaster.com

*Counsel for Defendants Jeffrey Carter &*
*JWC Investments L.C.*

*Counsel for Defendant Matthew Kinley*

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov

*Counsel for Plaintiff United States*