IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 15-155 T
(Judge Margaret M. Sweeney)

ALTERNATIVE CARBON RESOURCES, LLC,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER AND COUNTERCLAIM

Defendant, the United States, answers the complaint in the above-captioned case. Defendant respectfully denies each and every allegation that is not specifically admitted below. Defendant further:

1. Admits that this litigation relates to Section 6427 of the Internal Revenue Code and related penalties. States that the remaining the remaining allegations in paragraph 1 are legal argument and conclusion, which require no response.

2. Admits that jurisdiction, if it exists, exists under 28 U.S.C. § 1491(a)(1).

3. Admits that Plaintiff is or was an Iowa LLC, denies that it overpaid its tax credits and penalties for the periods in suit.

4. Admits that Plaintiff is or was an Iowa LLC, and that the stated identification number is Plaintiff's; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4.

5. Admits that Defendant is the United States.

1

6. Admits to the extent that Plaintiff's characterization is supported by the cited statutes.

7. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8.

9. Admits that the Plaintiff applied for a designation by filing Form 647, and that the IRS issued an AM registration to the Plaintiff. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10.

11. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. Admits that Plaintiff filed forms 8849 in 2011, and that the IRS paid Plaintiff approximately $19,773,93.00 in alternative fuel credits. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13. Admits that on July 12, 2011, the IRS Office of Chief Counsel issued memorandum 201133010. Admits the remaining allegations contained in paragraph 13, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. States that the allegations in paragraph 14 are legal argument and conclusion, which require no response.

PUBLIC000065

15. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16. Admits that Plaintiff submitted Forms 8849 in 2011. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16.

17. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18. Admits that no quarterly Form 720s were filed in 2011; states that the remaining allegations in paragraph 18 are legal argument and conclusion, which require no response.

19. Admits that Congress did not extend the alternative fuel credit; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20. Admits that the IRS issued 8 documents titled "Notice of Tax Due on Federal Tax Return" dated April 18, 2014; denies that the notices were issued with no explanations of why they were issued or the basis for such notices; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21. Admits the allegations contained in paragraph 21, to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits that Exhibits A-1 and A-2, attached to Plaintiff's complaint, appear to contain copies and/or excerpts of documents titled "Protest" dated April 29, 2014; states that

3

it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22.

23. Admit that Plaintiff made the payments alleged in paragraph 23. States that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24. Admits that on or around June 30, 2014, the IRS received a Form 843 described with an accompanying cover letter referencing a "protective claim for refund" relating to the fourth quarter of 2011; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25. Admits that on or around July 14, 2014, the IRS made notice and demand for payment of assessments described in the notices, for the second, third, and fourth quarters of 2011.

26. Admits to the extent that Plaintiff's characterization is supported by the cited statute.

27. Admits that Plaintiff made the payments alleged in paragraph 27, and that Exhibits D-1 to D-3 of Plaintiff's complaint appear to contain copies of the letters described; admits that on or around July 28, 2014, the IRS received a letter dated July 23, 2014, and attachments, for the September 2011 tax period; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28. Admits that Exhibits E-1 to E-3 of Plaintiff's complaint appear to contain copies of the letters described; states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28.

4

PUBLIC000067

29. States that the allegations in paragraph 29 are legal argument and conclusion, which require no response.

30. Admits that the IRS has not allowed the Claims for Refund described in paragraphs 24 or 28 for the refund of alternative fuel credits or related penalties for 2011.

31. Restates and incorporates by reference its responses to Paragraphs 1-30.

32. Admits that Plaintiff seeks recovery and abatement of the listed credits and penalties.

33. Admits to the extent that Plaintiff's characterization is supported by the cited statutes.

34. Admits that the IRS issued Plaintiff an AM designation in 2011; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34; denies the remaining allegations in paragraph 34 to the extent that they are legal argument and conclusion, which require no response.

35. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35; denies to the extent that they are legal argument and conclusion, which require no response.

36. States that allegations in paragraph 36 regarding legal title are legal argument and conclusion, which require no response; states that it currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38. Denies the allegations in paragraph 38.

39. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39.

PUBLIC000068

40. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41. States that it currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42. States that the allegations in paragraph 42 are legal argument and conclusion, which require no response.

43. States that the allegations in paragraph 43 are legal argument and conclusion, which require no response.

44. Omitted.

45. States that the allegations in paragraph 45 are legal argument and conclusion, which require no response.

46. Restates and incorporates by reference its responses to Paragraphs 1-45.

47. States that the allegations in paragraph 47 are legal argument and conclusion, which require no response.

48. States that the allegations in paragraph 48 are legal argument and conclusion, which require no response.

49. States that the allegations in paragraph 49 are legal argument and conclusion, which require no response.

50. Restates and incorporates by reference its responses to Paragraphs 1-45.

51. States that the allegations in paragraph 51 are legal argument and conclusion, which require no response.

52. States that the allegations in paragraph 52 are legal argument and conclusion, which require no response.

6

53. States that the allegations in paragraph 53 are legal argument and conclusion, which require no response.

54. Restates and incorporates by reference its responses to Paragraphs 1-45.

55. States that the allegations in paragraph 55 are legal argument and conclusion, which require no response.

56. States that the allegations in paragraph 56 are legal argument and conclusion, which require no response.

57. Restates and incorporates by reference its responses to Paragraphs 1-45.

58. Admits to the extent that Plaintiff's characterization is supported by the statute cited.

59. States that the allegations in paragraph 59 are legal argument and conclusion, which require no response.

60. States that the allegations in paragraph 60 are legal argument and conclusion, which require no response.

61. States that the allegations in paragraph 61 are legal argument and conclusion, which require no response.

## COUNTERCLAIM

For its counterclaim against Plaintiff-Counterdefendant Alternative Carbon Resources, LLC, the United States alleges as follows:

1. This counterclaim has been authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought a the direction of the Chief of the Court of Federal Claims Section, Tax Division, Department of Justice, a delegate of the Attorney General of the United States, pursuant to 26 U.S.C. § 7401 and 28 U.S.C. § 1503.

7

2. On or about April 18, 2014, the United States of America, by a duly authorized delegate of the Secretary of the Treasury, made assessments against Alternative Carbon Resources, Inc. for excise tax pursuant to 26 U.S.C. § 4081, for the following quarters and in the following amounts:

| Quarter Ending | Amount of Tax Assessed |
|---|---|
| March 31, 2011 | $ 1,013,240.00 |
| June 30, 2011 | $ 2,354,501.50 |
| September 30, 2011 | $ 5,730,312.50 |
| December 31, 2011 | $10,675,339.00 |

3. On or about April 18, 2014, the United States of America, by a duly authorized delegate of the Secretary of the Treasury, made assessments against Alternative Carbon Resources, Inc. for excessive claims with respect to the use of certain fuels pursuant to 26 U.S.C. § 6675, for the following quarters and in the following amounts:

| Quarter Ending | Amount of Penalty Assessed |
|---|---|
| March 31, 2011 | $ 2,026,480.00 |
| June 30, 2011 | $ 4,709,003.00 |
| September 30, 2011 | $11,460,625.00 |
| December 31, 2011 | $21,350,678.00 |

4. Proper notice of and demand for payment of the assessment referenced in paragraphs 2 and 3 were mailed to Alternative Carbon Resources, LLC.

5. Despite the notice of assessment and demand for payment, Alternative Carbon Resources, LLC, has failed to pay the full assessed sum and has made only the payments indicated in paragraph 23 of the Complaint. It therefore remains indebted to the United States in the principal amount of $59,320,179.00, plus statutory interest and additions accruing according to law, less any payments made.

8

WHEREFORE, Plaintiff's complaint should be dismissed with prejudice, with costs assessed against Plaintiff; and judgment should be entered against Plaintiff and in favor of the United States on its counterclaim in the amount of $59,320,179.00, less payments made, plus statutory interest and additions accruing according to law.

Respectfully submitted,

June 26, 2015

*s/Miranda Bureau*
MIRANDA BUREAU
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Tel: (202) 353-9171
Fax: (202) 514-9440
Miranda.j.bureau@usdoj.gov

CAROLINE D. CIRAOLO
 Acting Assistant Attorney General
DAVID I. PINCUS
 Chief, Court of Federal Claims Section
G. ROBSON STEWART
 Assistant Chief

June 26, 2015

*s/G. Robson Stewart*
Of Counsel

9

PUBLIC000072