UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br><br>v.<br><br>JAMES HUYSER, MATTHEW KINLEY, KENNETH BOYLE, JEFFREY W. CARTER, and JWC INVESTMENTS, L.C.,<br><br>    Defendants. | Case No. 4:23-cv-00144<br><br><br>**DEFENDANTS KINLEY AND BOYLE'S JOINT RESPONSE TO DEFENDANTS CARTER'S AND JWC INVESTMENTS, L.C.'S MOTION TO DISMISS AND PLAINTIFF'S RESISTANCE TO MOTION TO DISMISS** |

Defendants Matthew Kinley ("Kinley") and Kenneth Boyle ("Boyle") submit this Joint Response to Defendants Jeffrey W. Carter ("Carter") and JWC Investments, L.C.'s ("JWC") Motion to Dismiss (the "Motion to Dismiss"), ECF No. 35, and Plaintiff United States of America' Memorandum of Law in Resistance to Defendants Carter and JWC's Motion to Dismiss (the "Resistance"), ECF No. 46, and hereby state as follows:

## INTRODUCTION

In their briefs relating to Defendants Carter and JWC's Motion to Dismiss, Carter, JWC, and Plaintiff each assert that the individual members of Alternative Carbon Resources, LLC ("ACR") are "the same parties or parties in privity" for the purpose of issue preclusion. (*See* Memorandum of Law in Support of Motion to Dismiss ("MTD Br.") at 7, ECF No. 35-1; Resistance at 11-12.) Defendants Kinley and Boyle submit this Response to these filings to provide notice to the Court that Carter and JWC do not speak for all Defendants. Each of Kinley and Boyle strongly disagree that they should be considered "the same parties of parties in privity" as ACR, an entity in which Kinley and Boyle were minority investors.

## FACTUAL BACKGROUND

On May 1, 2023, the United States filed the above-captioned Complaint. (ECF No. 1.) On June 19, 2023, Boyle filed his Answer. (ECF No. 19.) On July 5, 2023, Kinley filed his Answer. (ECF No. 26.) On July 24, 2023, Carter and JWC filed the Motion to Dismiss, arguing the claims asserted by Plaintiff are barred by the doctrines of claim preclusion and issue preclusion arising from a prior Court of Federal Claims decision involving the United States and ACR. (ECF Nos. 35, 35-1.)

Specifically, Carter and JWC argue that the United States' abatement of civil fraud penalties against ACR, which was recognized by the Court of Federal Claims in its summary judgment order, operates to bar Plaintiffs' claims against Carter and JWC in this action because "each [claim] involve[s] issues of fraud." (MTD Br. at 6-7.) Carter and JWC assert that "as members of ACR" they are in privity with ACR, as is necessary to establish issue preclusion. (MTD Br. at 7–8.)

On August 9, 2023, the United States filed its Resistance to the Motion to Dismiss. (ECF No. 46.) The United States argues in its Resistance that fraud is not a necessary element to pierce the corporate veil or avoid a fraudulent transfer under Iowa law. (Resistance at 8–9.)

The United States further asserts that "there *are* matters in JWC and Carter's Motion to Dismiss on which the United States agrees and which have preclusive effect *against them*," including that "all of the Defendants[] are in privity with ACR." (Resistance at 10–12.) The United States suggests that all defendants, and not merely JWC and Carter, are precluded "from relitigating" facts and issues that the United States believes "may be relevant to an analysis of certain relevant badges of fraud, such as the solvency of ACR, its capitalization, whether it was a 'sham' business, and so on." (Resistance at 12.)

## RESPONSE TO MOTION TO DISMISS AND RESISTANCE

Both the Motion to Dismiss and Resistance make legal arguments that purport to encompass all of the defendants in this action. Because neither Carter and JWC, on one hand, and Plaintiff, on the other, appear to dispute whether Carter and JWC are in privity with ACR for purposes of *res judicata*, it should not be necessary for the Court to make observations as to whether the "privity" element of issue preclusion has been met in deciding the Motion to Dismiss. Kinley and Boyle submit this response to provide the Court with notice as to the following matters:

First, as stated above, Kinley and Boyle disagree with the suggestion in the Motion to Dismiss that Kinley and Boyle, who were minority investors in ACR, were in privity with ACR for *res judicata* purposes at any relevant time. Kinley and Boyle also disagree that their individual interests were adequately represented by a party with the same interest, that their interests were identical to ACR's interest, or that they personally exercised control over ACR with respect to the prior suit, among other factors.

It may be the case that the facts differ as to Carter and JWC, on one hand, and other individual defendants such as Kinley and Boyle, on the other. Accordingly, through this Response, Kinley and Boyle do not take a position as to whether Carter's and/or JWC's Motion to Dismiss should be granted or denied.[1] However, claim or issue preclusion are affirmative defenses that may be decided in a 12(b)(6) motion to dismiss *only* when claim or issue preclusion is "apparent on the face of the complaint." *C.H. Robinson Worldwide, Inc. v. Lobrano*, 695 F.3d 758 (8th Cir. 2012) (claim preclusion); *accord M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010) (issue preclusion). Because Kinley and Boyle have largely *denied* Plaintiffs' allegations relating to the prior lawsuit, *see* ECF No. 19, at ¶¶ 123-132 (Boyle's Answer); ECF No. 26, at ¶¶ 123-132 (Kinley's Answer), there would be no basis for making any determinations as to non-moving defendants in the course of resolving Carter's and JWC's pre-answer motion.

Second, Plaintiff's brief takes the statements made in the Motion to Dismiss one step further and suggests that Plaintiff may apply non-mutual issue preclusion against "all of the Defendants" on the basis of JWC's and Carter's "judicial admissions." (Resistance at 11–12.) Whether Plaintiff may apply non-mutual issue preclusion against *any* of the defendants, who were not parties to the prior suit, is outside the scope of the Motion to Dismiss—which only concerns whether Carter and/or JWC may apply issue preclusion against the United States, who *was* a party to the prior suit. *See, e.g.*, *Barton v. Taber*, 820 F.3d 958, 963 (8th Cir. 2016) ("[R]eview of a

---

[1] "As a general rule, '[c]orporations are treated as entities separate from their officers, directors, and shareholders for purposes of preclusion just as for other purposes. . . . As an exception to this general rule, directors, officers, and shareholders *may* be in privity with a corporation and thereby assert a res judicata defense *if* 'they are named as defendants *solely* in their capacity as directors,' officers, and shareholders." *United States v. Gurley*, 43 F.3d 1188, 1197 (8th Cir. 1994) (*first quoting* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4460, at 533 (1981); *then quoting Oglala Sioux Tribe v. Homestake Mining Co.*, 722 F.2d 1407, 1410 n. 3 (8th Cir.1983)) (alteration in original) (emphasis added)).

motion to dismiss is limited to the facts alleged in the complaint."); *Kaplan Companies, Inc. v. PeopleSoft USA, Inc.*, No. 1:03CV01014, 2005 WL 8167093, at *3 (M.D.N.C. Jan. 19, 2005) ("[C]onsideration of the pleadings in the prior case to support a factual conclusion regarding the existence of an agency relationship would be outside the scope of a Rule 12(b)(6) motion to dismiss . . . it would be premature for the Court to address, at this time, the exact nature of the relationship."). Accordingly, in resolving the Motion to Dismiss the Court should not have cause to, and should not, make observations about whether *Plaintiff* may assert non-mutual issue preclusion against non-parties to the prior action involving ACR.

## CONCLUSION

In presenting the Motion to Dismiss, Defendants Carter and JWC have made factual assertions that are different from, and in fact are opposed to, the positions that other defendants have taken in this action. In resolving this pre-answer motion, the Court should not make factual findings or observations relating to whether Defendants Kinley or Boyle were in privity with ACR for *res judicata* purposes during the prior lawsuit. Further, in resolving the Motion to Dismiss by Defendants Carter and JWC, the Court should not address Plaintiff's assertion that Plaintiff may apply non-mutual issue preclusion against non-parties to the prior action involving ACR, which is not an issue raised by the Motion to Dismiss and is not necessary to address to decide the Motion to Dismiss.

Dated: August 15, 2023            Respectfully submitted,

*/s/Matthew A. McGuire*
Bruce W. Baker, AT0000673
Matthew A. McGuire, AT0011932
NYEMASTER, GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, Iowa 50309-3899
Telephone: (515) 283-3100
Fax: (515) 283-8045
Email:  bwbaker@nyemaster.com
        mmcguire@nyemaster.com

**ATTORNEYS FOR DEFENDANT MATTHEW KINLEY**

*/s/ Todd M. Lantz*
Todd M. Lantz
THE WEINHARDT LAW FIRM
2600 Grand Avenue, Suite 450
Des Moines, IA 50312
Email: tlantz@weinhardtlaw.com

**ATTORNEYS FOR DEFENDANT KENNETH BOYLE**