**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>JAMES HUYSER,<br>MATTHEW KINLEY,<br>KENNETH BOYLE,<br>JEFFREY W. CARTER, *and*<br>JWC INVESTMENTS, L.C.,<br><br>        Defendants. | Case No. 23-cv-144 |

**DEFENDANTS JEFFREY W. CARTER AND JWC INVESTMENTS, L.C.'S ANSWER
TO COMPLAINT**

Defendants Jeffrey W. Carter ("Carter") and JWC Investments, L.C. ("JWC"), by and through the undersigned counsel, for their Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**Nature of the Action**

1.      The allegations as contained in paragraph 1 requires no response. To the extent a response is required, Carter and JWC lacks knowledge regarding the truth of the allegations.

2.      The allegations as contained in paragraph 2 are admitted in part and denied in part. Carter and JWC admit ACR intended to claim federal tax credits related to alternative fuel mixtures and did receive such credits. The remainder of the allegations as contained in paragraph 2 are denied.

3.      The allegations as contained in paragraph 3 are denied.

4.      The allegations as contained in paragraph 4 admitted in part and denied in part.

1

Case 4:23-cv-00144-SHL-SBJ   Document 60   Filed 10/30/23   Page 2 of 18

Carter and JWC admit the U.S. Court of Federal Claims entered a Judgement of ACR's liability for claimed tax credits. The remainder of the allegations as contained in paragraph 4.

5.      The allegations as contained in paragraph 6 are admitted to the extent the U.S. Court of Federal Claims entered a money judgment against ACR. The remainder of the allegations as contained in paragraph 5 are denied.

6.      The allegations as contained in paragraph 6 are admitted in part and denied in part. Carter and JWC admit the money judgment against ACR remains unpaid. The remainder of the allegations as contained in paragraph 6 are denied.

7.      The allegations as contained in paragraph 7 require no response as they are legal conclusions. Carter and JWC deny any factual assertions made in paragraph 7, if any.

8.      The allegations as contained in paragraph 8 require no response as they are legal conclusions. Carter and JWC deny any factual assertions made in paragraph 8, if any.

9.      Carter and JWC lack sufficient information to admit or deny the allegations as contained in paragraph 9.

### Jurisdiction and Venue

10.     The allegations as contained in paragraph 10 require no response as they are legal conclusions. Carter and JWC deny any factual assertions made in paragraph 10, if any.

11.     The allegations as contained in paragraph 11. require no response as they are legal conclusions. Carter and JWC deny any factual assertions made in paragraph 11, if any.

### Parties

12.     The allegations as contained in paragraph 12 are admitted.

13.     The allegations as contained in paragraph 13 assert a legal conclusion, which requires no response. To the extent this paragraph contains any factual assertions, Carter and JWC lack sufficient information regarding the other Defendants to admit or deny the allegations.

14.     The allegations as contained in paragraph 14 assert a legal conclusion, which requires no response. To the extent this paragraph contains any factual assertions, Carter and JWC lack sufficient information regarding the other Defendants to admit or deny the allegations.

15.     The allegations as contained in paragraph 15 assert a legal conclusion, which requires no response. To the extent this paragraph contains any factual assertions, Carter and JWC lack sufficient information regarding the other Defendants to admit or deny the allegations.

16.     The allegations as contained in paragraph 16 are admitted in part and denied in part. The allegations are admitted to the extent Carter is an Iowa resident, has a degree in finance and was included in discussions regarding the formation of ACR. The remainder of the allegations are denied.

17.     The allegations as contained in paragraph 17 are admitted in part and denied in part. The allegations are admitted to the extent JWC was formed under the Limited Liability Laws of the State of Iowa, Carter was the registered agent and managing member, Carter held 99.1% membership interest. JWC is no longer an active LLC.

### ACR'S BUSINESS OPERATIONS

**ACR was formed to receive alternative fuel mixture credits from the United States**

18.     The allegations as contained in paragraph 18 are admitted.

19.     The allegations as contained in paragraph 19 are admitted.

20.     The allegations as contained in paragraph 20 are admitted to the extent the consideration of tax credits was not the sole reason Defendants began exploring such a business opportunity. The remainder of the allegations are denied.

21.     The allegations as contained in paragraph 21 are admitted.

22.     The allegations as contained in paragraph 22 are admitted.

3

23.     The allegations as contained in paragraph 23 are denied for lack of information sufficient to form a response.

24.     The allegations as contained in paragraph 24 are admitted, however, Carter and JWC affirmatively state Jeffrey Carter was acting in his representative capacity for JWC and not personally.

25.     The allegations as contained in paragraph 25 are admitted, however, Carter and JWC affirmatively state Jeffrey Carter was acting in his representative capacity for JWC and not personally.

26.     The allegations as contained in paragraph 26 are denied, however, Carter and JWC affirmatively state Jeffrey Carter was acting in his representative capacity for JWC and not personally.

27.     The allegations as contained in paragraph 27 are denied, however, Carter and JWC affirmatively state Jeffrey Carter was acting in his representative capacity for JWC and not personally.

28.     The allegations as contained in paragraph 28 are admitted.

**The Defendants paid a net of $250.00 in capital contributions in exchange for their membership interests in ACR**

29.     The allegations contained in paragraph 29 are admitted.

30.     The allegations as contained in paragraph 30 are denied for lack of information sufficient to form a response.

31.     The allegations as contained in paragraph 31 are admitted in part and denied in part. Carter, as representative of JWC, held the shares as stated in paragraph 31. Carter did not hold any shares personally.

32.     The allegations as contained in paragraph 32 are denied for lack of information

sufficient to form a response.

33.     The allegations as contained in paragraph 33 are denied for lack of information sufficient to form a response.

34.     The allegations as contained in paragraph 34 are denied for lack of information sufficient to form a response.

35.     The allegations as contained in paragraph 35 are denied for lack of information sufficient to form a response.

36.     The allegations as contained in paragraph 36 are denied for lack of information sufficient to form a response.

**ACR only actively operated by transporting its waste/diesel mixture during the 2011 calendar year**

37.     The allegations as contained in paragraph 37 are admitted to the extent that they begin operating in 2011, but denies for lack of knowledge for "active".

38.     The allegations as contained in paragraph 38 are denied for lack of information sufficient to form a response. Mr. Carter and JWC did not have information regarding the day-to-day operations of ACR.

39.     The allegations as contained in paragraph 39 are denied for lack of information sufficient to form a response. Mr. Carter and JWC did not have information regarding the day-to-day operations of ACR.

40.     The allegations as contained in paragraph 40 are denied.

**The Member Defendants actively participated in the operations of ACR**

41.     The allegations as contained in paragraph 41 are denied as to Carter and JWC.

42.     The allegations as contained in paragraph 42 are admitted.

43.     The allegations as contained in paragraph 43 are admitted.

44.    The allegations as contained in paragraph 44 are admitted.

45.    The allegations as contained in paragraph 45 are denied for lack of information sufficient to form a response.

46.    The allegations as contained in paragraph 46 are denied for lack of information sufficient to form a response.

47.    The allegations as contained in paragraph 47 are denied for lack of information sufficient to form a response.

48.    The allegations as contained in paragraph 48 are denied for lack of information sufficient to form a response.

49.    The allegations as contained in paragraph 49 are denied for lack of information sufficient to form a response.

50.    The allegations as contained in paragraph 50 are denied for lack of information sufficient to form a response.

51.    The allegations as contained in paragraph 51 are admitted.

52.    The allegations as contained in paragraph 52 are admitted.

53.    The allegations as contained in paragraph 53 are admitted in part and denied in part. Carther did communicate with MR. Sanderson, but is without knowledge if he was the "primary" contact.

**The Member Defendants, through ACR, wrongfully claimed and received over $19 million in alternative fuel credits from the United States**

54.    The allegations as contained in paragraph 54 are admitted in part that ACR contracted with a certified public accountant.  The remainder of the allegations as contained in paragraph 2 are denied.

55.    The allegations as contained in paragraph 55 are denied for lack of information

sufficient to form a response.

56.     The allegations as contained in paragraph 56 are denied for lack of information sufficient to form a response.

57.     The allegations as contained in paragraph 57 are denied as Mr. Carter and/or JWC did not submit any claims to the IRS on behalf of ACR. The remainder of the paragraph is denied for lack of information sufficient to form a response.

58.     The allegations as contained in paragraph 58 are denied for lack of information sufficient to form a response.

59.     The allegations as contained in paragraph 59 are denied for lack of information sufficient to form a response.

60.     The allegations as contained in paragraph 60 are denied for lack of information sufficient to form a response.

61.     The allegations as contained in paragraph 61 are denied.

**ACR WAS A SHAM CORPORATION AND ITS CORPORATE VEIL SHOULD BE PIERCED**

62.     The allegations as contained in paragraph 62 are denied.

63.     The allegations as contained in paragraph 63 are denied.

**When it was started, and throughout its operations, ACR was undercapitalized**

64.     The allegations as contained in paragraph 64 are denied for lack of information sufficient to form a response.

65.     The allegations as contained in paragraph 65 are denied.

66.     The allegations as contained in paragraph 66 are denied.

67.     The allegations as contained in paragraph 67 are denied for lack of information sufficient to form a response.

68.     The allegations as contained in paragraph 68 are denied for lack of information sufficient to form a response.

69.     The allegations as contained in paragraph 69 are denied.

**The Defendants failed to follow corporate formalities in operating ACR**

70.     The allegations as contained in paragraph 70 assert a legal conclusion, which requires no response. To the extent this paragraph contains any factual assertions, they are denied.

71.     The allegations as contained in paragraph 71 are denied for lack of information sufficient to form a response.

72.     The allegations as contained in paragraph 72 are denied for lack of information sufficient to form a response.

73.     The allegations as contained in paragraph 73 are denied for lack of information sufficient to form a response.

74.     The allegations as contained in paragraph 74 are denied as to Carter and JWC. The allegations as to the other Defendants are denied for lack of information sufficient to form a response.

75.     The allegations as contained in paragraph 75 are a legal conclusion, which requires no response.

76.     The allegations as contained in paragraph 76 are denied for lack of information sufficient to form a response. Neither Carter nor JWC had any involvement in the day-to-day operations of ACR.

77.     The allegation as contained in paragraph 77 are denied for lack of information sufficient to form a response. Neither Carter nor JWC had any involvement in the day-to-day operations of ACR.

78.     The allegations as contained in paragraph 78 are a legal conclusion, which requires

no response. To the extent any factual allegations are contained in paragraph 78 they are denied for lack of sufficient information to form a response.

79.     The allegations as contained in paragraph 79 are denied for lack of information sufficient to form a response. Neither Carter nor JWC had any involvement in the day-to-day operations of ACR.

**The Member Defendants operated ACR as a sham corporation formed solely to claim and receive federal alternative fuel mixture credits**

80.     The allegations as contained in paragraph 80 are denied.

81.     The allegations as contained in paragraph 81 are admitted.

82.     The allegations as contained in paragraph 82 are denied for lack of information sufficient to form a response.

83.     The allegations as contained in paragraph 83 are denied for lack of information sufficient to form a response.

84.     The allegations as contained in paragraph 84 are denied.

85.     The allegations as contained in paragraph 85 are admitted in part and denied in part. The allegations are admitted to the extent ACR's registered address was Mr. Huyser's residence. The remainder of the allegations are denied for lack of information sufficient to form a response.

86.     The allegations as contained in paragraph 86 are denied.

87.     The allegations as contained in paragraph 87 are denied.

88.     The allegations as contained in paragraph 88 are denied for lack of information sufficient to form a response.

89.     The allegations as contained in paragraph 89 are denied for lack of information sufficient to form a response.

90.     The allegations as contained in paragraph 90 are denied for lack of information

sufficient to form a response.

## THE MEMBER DEFENDANTS CAUSED ACR TO PAY MILLIONS IN IMPROPERLY CLAIMED TAX CREDITS TO THEMSELVES

91.    The allegations as contained in paragraph 91 are denied for lack of information sufficient to form a response.

92.    The allegations as contained in paragraph 92 are denied for lack of information sufficient to form a response.

93.    The allegations as contained in paragraph 93 are denied for lack of information sufficient to form a response.

94.    The allegations as contained in paragraph 94 are admitted.

95.    The allegations as contained in paragraph 95 are denied for lack of information sufficient to form a response.

96.    The allegations as contained in paragraph 96 are denied for lack of information sufficient to form a response. Carter and JWC deny they caused any payments to be made.

97.    The allegations as contained in paragraph 97 are denied for lack of information sufficient to form a response.

98.    The allegations as contained in paragraph 98 are denied for lack of information sufficient to form a response.

99.    The allegations as contained in paragraph 99 are denied for lack of information sufficient to form a response.

100.    The allegations as contained in paragraph 100 are denied for lack of information sufficient to form a response. Carter and JWC deny they caused ACR to make any distributions.

101.    The allegations as contained in paragraph 101 are denied for lack of information sufficient to form a response.

102.    The allegations as contained in paragraph 102 are denied for lack of information sufficient to form a response.

103.    The allegations as contained in paragraph 103 are denied for lack of information sufficient to form a response.

104.    The allegations as contained in paragraph 104 are denied for lack of information sufficient to form a response. Carter and JWC deny they caused ACR to make any payments.

105.    The allegations as contained in paragraph 105 are denied for lack of information sufficient to form a response.

106.    The allegations as contained in paragraph 106 are denied for lack of information sufficient to form a response.

107.    The allegations as contained in paragraph 107 are denied for lack of information sufficient to form a response. Carter and JWC deny they caused ACR to make any payments.

108.    The allegations as contained in paragraph 108 are denied for lack of information sufficient to form a response.

109.    The allegations as contained in paragraph 109 are denied.

110.    The allegations as contained in paragraph 110 are denied.

111.    The allegations as contained in paragraph 111 are denied.

112.    The allegations as contained in paragraph 112 are denied.

113.    The allegations as contained in paragraph 113 are denied.

**ACR OWES OVER $70 MILLION TO THE UNITED STATES**

**After the Defendants halted ACR's operations, the United States obtained a large money judgment against ACR for the improperly claimed alternative fuel mixture credits**

114.    The allegations as contained in paragraph 114 are admitted in part and denied in part. Carter and JWC admit assessments were made by the Secretary of the Treasury. The

remainder of the allegations as contained in paragraph 114 are denied.

115.    The allegations that the ACR filed a complaint are admitted, the remainder are legal conclusions based on the filing that do not require an answer.

116.    The allegations that the United States filed an answer are admitted, the remainder are legal conclusions based on the filing that do not require an answer.

**The Court of Federal Claims found that ACR was not entitled to alternative fuel mixture tax credits and was liable for $59,320,179.00 in tax and penalties**

117.    The allegations in paragraph 117 that the Court of Federal Claims entered summary judgement are admitted, the remainder are legal conclusions based on the filing that do not require an answer.

118.    The allegations in paragraph 118 the Court of Federal Claims entered summary judgement are admitted, the remainder are legal conclusions based on the filing that do not require an answer.

119.    The allegations in paragraph 119 the Court of Federal Claims entered summary judgement against ACR are admitted, the remainder are legal conclusions based on the filing that do not require an answer.

120.    The allegations in paragraph 120 the Court of Federal Claims entered judgement are admitted, the remainder are legal conclusions based on the filing that do not require an answer.

121.    The allegations as contained in paragraph 121 are admitted.

122.    The allegations as contained in paragraph 122 are denied for lack of information sufficient to form a response.

**The Defendants actively participated in the Refund Suit Litigation**

123.    The allegations as contained in paragraph 123 are admitted.

124.    The allegations as contained in paragraph 124 are denied for lack of information

sufficient to form a response. Carter participated in response to subpoenas issued by the United States.

125.    The allegations as contained in paragraph 125 call for information protected by the attorney-client privilege. Carter and JWC were represented by their own counsel in the Refund Suit and did not participate on behalf of ACR.

126.    The allegations as contained in paragraph 126 are denied for lack of information sufficient to form a response.

127.    The allegations as contained in paragraph 127 are admitted.

128.    The allegations as contained in paragraph 128 are admitted.

129.    The allegations as contained in paragraph 129 are admitted.

130.    The allegations as contained in paragraph 130 are admitted.

131.    The allegations as contained in paragraph 131 are admitted to the extent ACR appealed the Federal Claims Judgment. The remainder of the allegations contained in paragraph 131 are denied for lack of information sufficient to form a response.

132.    The allegations as contained in paragraph 132 are admitted.

## ALTERNATIVELY, THE FUNDS DEFENDANTS RECEIVED FROM ACR WERE FRAUDULENT TRANSFERS AS TO THE UNITED STATES

**The Transfers made by ACR to the Defendants were fraudulent because they were made with the actual intent to hinder, delay, or defraud**

133.    The allegations as contained in paragraph 133 are denied for lack of information sufficient to form a response.

134.    The allegations as contained in paragraph 134 are denied.

### *The Transfers Were Made to ACR Insiders*

135.    The allegations as contained in paragraph 135 constitute a legal conclusion, which does not require a response. To the extent it requires a response, it is denied.

136.     The allegations as contained in paragraph 136 are admitted to the extent Huyser, Kinley and Boyle were officers as ACR. The remainder of the allegations as contained in paragraph 136 are denied for lack of information sufficient to form a response.

137.     The allegations as contained in paragraph 137 are denied.

138.     The allegations contained in paragraph 138 are denied.

### The Transfers Constituted Substantially all of ACR's Assets

139.     The allegations as contained in paragraph 139 are denied.

140.     The allegations as contained in paragraph 140 are denied for lack of information sufficient to form a response.

141.     The allegations as contained in paragraph 141 are denied for lack of information sufficient to form a response.

142.     The allegations as contained in paragraph 142 are denied for lack of information sufficient to form a response.

143.     The allegations as contained in paragraph 143 are admitted.

### The Transfers Were Not For Reasonably Equivalent Value

144.     The allegations as contained in paragraph 144 and all subparts are denied for lack of information sufficient to form a response.

145.     The allegations as contained in paragraph 145 are denied for lack of information sufficient to form a response.

### The Transfers Rendered ACR Insolvent

146.     The allegations as contained in paragraph 146 are denied.

147.     The allegations as contained in paragraph 147 are denied.

148.     The allegations as contained in paragraph 148 are denied.

149.     The allegations as contained in paragraph 149 are denied for lack of information

sufficient to form a response.

150.    The allegations as contained in paragraph 150 are denied.

***The Transfers Were Made Shortly After ACR Incurred a Substantial Debt***

151.    The allegations as contained in paragraph 151 contain a legal conclusion, which requires no response. To the extent paragraph 151 contains any factual allegations, they are denied.

152.    The allegations as contained in paragraph 152 are denied for lack of information sufficient to form a response.

153.    The allegations as contained in paragraph 153 are denied for lack of information sufficient to form a response.

154.    The allegations as contained in paragraph 154 contain a legal conclusion, which requires no response. To the extent paragraph 154 contains any factual allegations, they are denied.

155.    The allegations as contained in paragraph 155 contain a legal conclusion, which requires no response. To the extent paragraph 155 contains any factual allegations, they are denied.

156.    The allegations as contained in paragraph 156 are denied for lack of information sufficient to form a response.

157.    The allegations as contained in paragraph 157 contain a legal conclusion, which requires no response. To the extent paragraph 157 contains any factual allegations they are denied for lack of information sufficient to form a response.

**The Transfers made by ACR to the Defendants were also constructively fraudulent because they were made without receiving a reasonably equivalent value in exchange**

158.    The allegations as contained in paragraph 158 contain a legal conclusion, which requires no response. To the extent paragraph 158 contains any factual allegations, they are denied.

159.    The allegations as contained in paragraph 159 contain legal conclusion, which require no response. To the extent paragraph 159 contains any factual allegations, they are denied

for lack of information sufficient to form a response.

160.    The allegations as contained in paragraph 160 are denied.

## COUNT I: Claim Against James Huyser

161.    The responses to the paragraphs referenced in paragraph 161 are fully incorporated herein.

162.    The allegations as contained in paragraph 162 are not directed to Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

163.    The allegations as contained in paragraph 163 are not directed to Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

164.    The allegations as contained in paragraph 164 are not directed to Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

## COUNT II: Claim Against Matthew Kinley

165.    The responses to the paragraphs referenced in paragraph 165 are fully incorporated herein.

166.    The allegations as contained in paragraph 166 are not directed to Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

167.    The allegations as contained in paragraph 167 are not directed to Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

168.    The allegations as contained in paragraph 168 are not directed to Carter or JWC.

To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

**COUNT III: Claim Against Kenneth Boyle**

169.   The responses to the paragraphs referenced in paragraph 169 are fully incorporated herein.

170.   The allegations as contained in paragraph 170 are not directed at Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

171.   The allegations as contained in paragraph 171 are not directed at Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

172.   The allegations as contained in paragraph 172 are not directed at Carter or JWC. To the extent any factual allegations are made against Carter or JWC, they are denied for lack of information sufficient to form a response.

**COUNT IV: Claim Against JWC Investments, L.C. and Jeffrey W. Carter**

173.   The responses to the paragraphs referenced in paragraph 173 are fully incorporated herein.

**Carter operated JWC as his alter ego.**

174.   The allegations as contained in paragraph 174 are admitted. Carter and JWC affirmatively state JWC was formed as an LLC in 2008, but was a corporation organized under the laws of the State of Iowa prior to 2008.

175.   The allegations as contained in paragraph 175 are admitted.

176.   The allegations as contained in paragraph 176 are denied.

177.   The allegation as contained in paragraph 177 are denied.

178.   The allegations as contained in paragraph 178 are denied.

179.    The allegations as contained in paragraph 179 are denied.

180.    The allegations as contained in paragraph 180 are denied.

181.    The allegations as contained in paragraph 181 are denied.

182.    The allegations as contained in paragraph 182 are denied.

*/s/ Shayla McCormally*
Shayla L. McCormally        AT0009611
MCCORMALLY & COSGROVE, P.L.L.C.
4508 Fleur Drive
Des Moines, Iowa 50321
Telephone:      515-218-9878
Facsimile:      515-218-9879
shayla@mciowalaw.com
ATTORNEY FOR DEFENDANT
JEFFREY W. CARTER AND JWC
INVESTMENTS, LC

**Certificate of Service**

The undersigned certifies that this document and any attachments was served upon all parties or attorneys of record by filing it on October 30, 2023 with CM/ECF.

Signature */s/ Stephanie Sutherland*