# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HUYSER,
MATTHEW KINLEY,
KENNETH BOYLE,
JEFFREY W. CARTER, *and*
JWC INVESTMENTS, L.C.,

    Defendants.

Case No. 4:23-cv-00144-SHL-SBJ

**BRIEF IN SUPPORT OF UNITED STATES' MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM DEFENDANTS JEFFREY W. CARTER AND JWC INVESTMENTS, L.C.**

The United States served Defendants Jeffrey W. Carter and JWC Investments, L.C. ("Carter & JWC") with early Rule 34 Requests for Production of Documents ("Document Requests") on June 13, 2023. Carter & JWC initially issued untimely and incomplete responses in late August 2023. After prompting from the United States, in October 2023, Carter & JWC served supplemental responses, but claimed broad categories of financial and other business records were unavailable and destroyed when JWC stopped operations. After a meet and confer, Carter & JWC agreed to seek out and obtain financial and business records in their possession, custody, and control from third parties (such as banks, accountants, or other service providers) as required under Fed. R. Civ. P. 34. Despite agreeing to

1

make such production on or before November 7, 2023, and after months of the United States awaiting their complete response, Carter & JWC have failed to produce the requested documents.

Carter & JWC's responses to the Document Requests are insufficient and, under Fed. R. Civ. P. 37(a)(3)(B), the United States respectfully moves this Court for an order compelling Carter & JWC to respond fully, and without objection, to its Document Requests and produce requested documents in their possession, custody, or control from financial institutions, banks, accountants, and other service providers. <u>In particular, the United States moves to compel complete written responses and production of documents in response to Requests Nos. 29, 32, 40, 42-43, 45-48, 50, 53-54, 59, and 62 to both Carter & JWC</u> – requests that seek financial and other business records that Defendants claim were destroyed, but are available to them from third parties.[1]

---

[1] After months of negotiations on an available date, the United States has noticed the deposition of Jeffrey Carter for December 13, 2023. The United States will travel to Des Moines to take his testimony. The United States requests that the Court, should it grant this motion, consider ordering Carter & JWC to make a complete response and production at least five days in advance of Carter's deposition.

## I.    BACKGROUND

**A. The United States' Complaint seeks to hold JWC and Carter jointly and severally liable for Alternative Carbon Resources' outstanding $59 million in federal tax liabilities.**

In March 2018, the U.S. Court of Federal Claims entered a money judgment of $59,320,179[2] against Alternative Carbon Resources, LLC ("ACR") for assessed excise taxes and excessive claim penalties. *Alt. Carbon Res., LLC v. United States*, 137 Fed. Cl. 1 (2018). In May 2023, the United States filed suit to pierce the corporate veil of ACR and obtain money judgments, jointly and severally, against the individual members of ACR, including Carter and JWC, an entity that the United States alleges operated as Carter's alter ego and received funds from ACR on his behalf. (Compl. 1, ECF No. 1) In its complaint, the United States, in the alternative, also seeks money judgments against each Defendant as a fraudulent transferee for funds received from ACR. (*Id.*)

**B. The United States' Document Requests seek discovery directly relevant to its veil-piercing and alter ego claims.**

On June 13, 2023, the United States issued the Document Requests to Carter & JWC. (Exs. 1-2 of Nygaard Decl.)[3] In particular, the United States sought financial and business records about:

---

[2] The judgment was entered in the amount of $59,320,179 less any payments made and plus statutory interest and additions accruing according to law. *Alt. Carbon Res., LLC v. United States*, 137 Fed. Cl. 1 (2018).

[3] Hereinafter, all references to Exhibits 1 through 9 are referring to Exhibits 1 through 9 to the Local Rule 37(a) Declaration of Gretchen Nygaard.

3

- Transfers of ACR funds to Carter and/or JWC (Nos. 29);

- Any loan applications involving ACR, JWC, and/or Carter (Nos. 32);

- Accounting records for JWC (Nos. 40);

- Work papers for JWC returns (Nos. 42);

- Account statements and other financial records for accounts maintained by JWC or other accounts used to pay JWC expenses (Nos. 43);

- Transfers of funds or assets between Carter, JWC, and other entities owned by Carter or JWC (Nos. 45 & 46);

- Distributions, salary payments, and other transfer of cash or assets from JWC to Carter (Nos. 47);

- Investment of funds or capital in business entities (Nos. 48);

- Individuals who worked in some capacity for JWC (Nos. 50);

- Expenses for office space at 110 SE Grant Street, Ankeny, IA (Nos. 53);

- Any sale or transfer of real property to or from JWC (Nos. 54 & 59 ); and

- Expenses for the Lincoln Avenue Property owned at times by JWC and later transferred back to Carter (Nos. 62).

As listed above, United States specifically requested records about distribution and maintenance of funds and assets relating to ACR, Carter, and JWC. Such requested records are directly relevant to the United States' veil-piercing and alter ego claims against Carter & JWC for several reasons. For example, the requested records may shed light on Carter & JWC's relationship to ACR from its formation to when it stopped operating. And the records sought may tend to show that Carter & JWC's close relationship is such that JWC may be considered Carter's alter ego, and therefore Carter & JWC can be held jointly and severally liable for either the debts

4

of ACR or the amounts fraudulently transferred by ACR. These Requests seek such relevant documents about these relationships.[4]

**C. Since August 2023, Carter & JWC have failed to make a complete or timely production of records in their possession, custody, and control.**

Carter & JWC failed to respond or object to the Document Requests by August 14, 2023, the date that responses were due.[5] (*Id.* ¶ 4.) On August 29, 2023, Carter & JWC sent overdue responses and produced limited documents in response to the Document Requests. (*Id.* ¶ 6 & Exs. 3-4.) For most of their responses, Carter

---

[4] The alter ego test under Iowa law asks whether "(1) the person influences and governs the entity; (2) a unity of interest and ownership exists such that the corporate entity and the person cannot be separated; and (3) giving legal effect to the fictional separation between the corporate entity and the person would 'sanction a fraud or promote injustice.'" *HOK Sport, Inc. v. FC Des Moines, L.C.*, 495 F.3d 927, 935 (8th Cir. 2007)(internal citation and quotation omitted). Courts look to a number of non-exclusive factors to answer this question, such as lack of corporate formalities, close relationship between entity and individual, individual has complete control over an entity, entity used for personal aims, business and personal funds are commingled, assets are transferred for no consideration, among many others. *See e.g., id.; Horton Dairy, Inc. v. United States,* 986 F.2d 286, 289 (8th Cir. 1993); *United States v. Rigler,* 885 F. Supp. 2d 923, 933 (S.D. Iowa 2012). The United States Requests seek documents on these many factors.

[5] Responses to document requests must be provided within thirty days of service of the requests. Fed. R. Civ. P. 34(b)(2). Document requests delivered before any Rule 26(f) conference are considered to have been served at the first Rule 26(f) conference. Fed. R. Civ. P. 26(d)(2). Under Rule 26(d)(2), and as reiterated in the instructions to the Document Requests, Carter & JWC's responses to these requests were due within thirty days from the first Rule 26(f) conference, which was held on July 13, 2023. Thirty days from July 13, 2023, is August 12, 2023, a Saturday. As a result, the due date was Monday, August 14, 2023, the first weekday after that. *See* Fed. R. Civ. P. 6(a)(1).

5

& JWC produced no documents and merely promised: "This request will be supplemented." (*Id.*)[6]

After weeks without any follow-up from counsel, on October 4, 2023, counsel for the United States sent a letter to counsel for Carter & JWC requesting a complete production of documents by October 12, 2023. (Ex. 5.) On October 17, 2023, Carter & JWC issued supplemental responses to the Document Requests and a supplemental production consisting of fifteen pages. (Exs. 6-7.) <u>In most of the October 17, 2023 supplemental responses, Carter & JWC responded that they did not possess responsive documents</u>[7] <u>or they had no access to responsive documents because they were purportedly destroyed when winding up JWC.</u>[8] Public Iowa Secretary of State records reflect Carter filed a Statement of Termination for JWC on <u>December 29, 2022</u>.[9] (*Id.;* Ex. 8.) Carter & JWC used this "lack of possession or

---

[6] This response was inadequate. *See e.g.*, *Kinetic Concepts, Inc. v. Convatec, Inc.*, 268 F.R.D. 236, 246 (M.D.N.C. 2010)(finding the promise to supplement "responses in the future is a completely inadequate response to a long standing discovery request.").

[7] This response was made by Carter in his supplemental response to Request Nos. 12, 15, 16, 24, 25, 26, 27, 29, 30, 31, 32, 34, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62 and by JWC in its supplemental response to Request Nos. 12, 15, 16, 24, 25, 26, 27, 29, 30, 31, 32, 38, 40, 41, 42, 43, 44, 45, 46, 47, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62.

[8] This response was made by Carter in his supplemental response to Request Nos. 29, 32, 38, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 62 and by JWC in its supplemental response to Request Nos. 29, 32, 38, 40, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 53, 54, 55, 56, 57, 58, 59, 62.

[9] The Statement of Termination, Exhibit 9, is a document available via the public portal of searchable business records on the Iowa Secretary of State's website.

access" response for requests seeking documents that would be accessible from third parties, such as bank statements and other financial records from financial institutions; accounting records from any accountants; and expense and insurance payment records from utility and insurance companies. (Exs. 6-7 at Nos. 29, 32, 40, 42-43, 45-48, 50, 53-54, 59, 62.)

On October 18, 2023, counsel for the United States emailed counsel for Carter & JWC about their deficient responses and requested a meet and confer. (Nygaard Decl. ¶ 13.) On October 24, 2023, the United States and counsel for Carter & JWC, Kolby Warren, held a meet and confer teleconference. (*Id.* ¶¶ 16-21.) During the conference, the United States reiterated its position that records sought in many of the United States' requests were readily obtainable from financial institutions and other service providers used by Carter & JWC and that such financial records (while ACR operated until the present) were relevant to the United States' claims. (*Id.*) During the teleconference, counsel for Carter & JWC agreed to make a supplemental production of documents, by November 7, 2023, of responsive records available from financial institutions or other third parties where Carter & JWC maintain or maintained accounts. (*Id.* ¶ 20.) At the close of the meet and confer, counsel for the United States stated that if they did not receive the

---

*Available at* https://sos.iowa.gov/search/business/search.aspx. The Court may take judicial notice of those public records. *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999); *see also, United States v. Huyser*, __ F. Supp. 3d __, 2023 WL 6476532, at *3 (S.D. Iowa Oct. 2, 2023).

supplemental production by November 7, 2023, the United States would move the Court to compel production because the United States was not required to confer indefinitely and because the Local Rules require a timely motion. (*Id.* ¶ 21.)

Carter & JWC did not make a production on the agreed date of November 7, 2023. (*Id.* ¶¶ 23-24.) As of the date of filing of this Motion, Carter & JWC have not made the promised supplemental production, nor have they contacted counsel for the United States regarding any extension. The United States has noticed Jeffrey Carter's deposition for December 13, 2023 and has its (already extended) deadline to submit its expert report on January 29, 2024. The United States needs resolution of this long-running issue so that the case may proceed.

I.   ARGUMENT

### A. Carter & JWC have failed to produce documents that are in their possession, custody, or control.

Throughout their supplemental responses to the Document Requests, Carter & JWC have alleged that they have no documents to produce because they were purportedly destroyed with the winding up of JWC. (*See* Exs. 3-4, 6-7 at Nos. 29, 32, 40, 42-43, 45-48, 50, 53-54, 59, 62.)  This assertion is improper under Fed. R. Civ. P. 34(a)(1)(A). Simply because JWC (and Carter) may have (purportedly) destroyed *all* of JWC's business records, those records are still available from third parties that

maintain them in the ordinary course of business – for example a bank, other financial institution, or accountant(s).[10]

Rule 34(a)(1)(A) requires that a party produce documents subject to a request when it has responsive records in its possession, custody, or control and a party has "control" over documents when it has the "right, authority or practical ability to obtain documents from a non-party." *PFS Distrib. Co. v. Raduechel*, 2006 WL 8438434, at *3, (S.D. Iowa Jul. 19, 2006)(citing *Prokosch v. Catalina Lighting, Inc.*, 193 F.R.D. 633, 636 (D. Minn. 2000); *F.D.I.C. v. Dosland,* 2014 WL 1347118, at *5 (N.D. Iowa Apr. 4, 2014)(collecting cases); *see also In re Terrell*, 569 B.R. 881, 889–90 (Bankr. W.D. Okla. 2017).

Under Rule 34, Carter & JWC must seek out all documents that they have the ability to obtain, including responsive documents that a third party may have (such as bank statements and other financial records from financial institutions, accounting records used from any accountants, or expense and insurance payment records from utility and insurance companies). Additionally, if Carter or JWC believes a third party to have relevant information, and Carter or JWC assert they

---

[10] Further, when a taxpayer has been involved in a long-running dispute over federal tax liabilities, Courts have found that "[w]hen a person who recently maintained multiple business interests fails to produce any meaningful financial records, a natural inference arises that the person is attempting to obfuscate his financial dealings." *In re Terrell,* 569 B.R. 881, 889–90 (Bankr. W.D. Okla. 2017)(quoting *In re Michael,* 433 B.R. 214, 223 (Bankr. N.D. Ohio 2010). <u>Notably, Carter & JWC have admitted to being in privity with ACR, an entity that has been disputing its multi-million federal tax liabilities since soon after it ended its operations in 2011.</u> *See* ECF No. 35-001, Motion to Dismiss *passim*.

have no legal right to obtain it, then they must detail that in their response and identify the third party in possession.[11] <u>Finally, Carter & JWC have an *interest* in serving a complete production of records in their possession, custody, or control. One of the factors weighing in favor of finding an entity an alter ego of an individual is that the entity fails to maintain appropriate corporate records, as it appears Carter & JWC have done here based on their current deficient responses</u>. *Horton Dairy, Inc.,* 986 F.2d at 289; *United States v. Scherping,* 187 F.3d 796, 800 (8th Cir. 1999).

In summary, the United States requests that this Court compel Carter & JWC to respond fully to Document Requests Nos. 29, 32, 40, 42-43, 45-48, 50, 53-54, 59, and 62, with respect to the entire time period, and produce documents and information within their possession, custody, or control.

---

[11] Alternatively, the United States understands that some records may no longer be available because of the passage of time. For example, banks often maintain records for a period of 7 years. That said, in the absence of *any* efforts to obtain its own records held by third parties, Carter & JWC have failed to meet their obligations under Rule 34 and produce what is available and detail what is unavailable.

Further, Carter & JWC (and counsel) have failed in their obligations under Fed. R. Civ. P. 26(g)(1) that these responses have been made after performing a "reasonable inquiry." Rule 26(g) imposes an affirmative obligation to seek out such responsive records accessible to them. *See e.g.,Pearson v. Weischedel,* 2010 WL 11618778, at *2 (D. Wyo. Nov. 5, 2010)("Defendant has an affirmative duty to make a reasonable inquiry into the existence of materials sought by the request. Defendant's duty is to respond to discovery requests not only on the basis of her own knowledge, but also with regard to the knowledge of other persons that can reasonably be obtained through investigation.").

**B. Carter & JWC should be compelled, without objection, to respond fully to Document Requests Nos. 29, 32, 40, 42-43, 45-48, 50, 53-54, 59, and 62 and produce documents.**

Carter & JWC waived any objections to the Document Requests because they did not make any timely objections. *See Caudle v. District of Columbia*, 263 F.R.D. 29, 32-33 (D.D.C. 2009); *E. Iowa Plastics, Inc. v. PI, Inc.*, 2014 WL 212502, at *3 (N.D. Iowa May 21, 2014); *Cargill, Inc. v. Ron Burge Trucking, Inc.*, 284 F.R.D. 421, 424 (D. Minn, 2012)(collecting cases). Because Carter & JWC responses were untimely and because they did not make any objections in their responses, they have waived any objections they might have had and should be ordered to obtain those records and make such a production, without objection, by a date certain.

**C. The United States' motion to compel is timely.**

While this motion seeks to compel complete responses and production of documents initially due August 14, 2023, this motion is timely because good cause exists. Local Rule 37(c) provides that motions to compel "must be filed as soon as practicable [and] except for good cause shown, motions to compel must be filed within 14 days after the discovery deadline."

There is good cause for this motion because the United States promptly addressed Carter & JWC's deficient responses and subsequent supplemental responses to the Document Requests.[12] (Nygaard Decl. ¶¶ 4-21)  Counsel for the

---

[12] Carter & JWC served overdue responses on Aug. 29, 2023 and counsel stated Carter had been hurt and their responses would be supplemented. On October 4, 2023, the United States sent a deficiency letter and requested a complete production by October 12, 2023. On October 17, 2023, Carter & JWC provided their

United States communicated with counsel for Carter & JWC multiple times via multiple means to try to come to a resolution concerning the deficiencies, most recently orchestrating an agreement for Carter & JWC to provide a supplemental production by November 7, 2023.[13] (*Id.*) However, that date has passed and Carter & JWC have provided no such supplemental production nor communicated about the promised supplemental production, and the United States cannot wait indefinitely for these responses.[14]

(*continued on the following page*)

---

deficient supplemental responses and production. On October 18, 2023, the United States sent an email detailing the continued deficiencies and asked for a date to meet and confer. Counsel for the United States followed up on October 19, 20, 23, and 24, 2023 on setting a meet and confer. On October 24, 2023, the parties held their teleconference and counsel for Carter & JWC promised a production on November 7, 2023 – which was never made. (Nygaard Decl. ¶ 4-21, 23-24).

[13] *See e.g.*, *Advance Tr. & Life Escrow Servs., LTA v. N. Am. Co. for Life & Health Ins.*, 2022 WL 14587739, at *5 (S.D. Iowa Oct. 4, 2022)(motion to compel timely under Local Rule 37(c) when efforts undertaken to confer and obtain supplemental responses and thus motion was filed "as soon as practicable").

[14] "Rule 37 does not require parties to attempt to negotiate indefinitely." *Jasmin v. Glob. Invs. Tr. Co.*, 2020 WL 7041471, at *3 (S.D. Iowa 2020); *see also Berg v. United States*, 2005 WL 8162842, *1 (D. Minn. 2005)(Rule 37 requirements to meet and confer do not require further efforts when the circumstances reflect doing so would be futile).

## II. CONCLUSION

For all these reasons, the United States respectfully moves the Court to:

- Compel Carter & JWC to respond fully to the United States' Document Requests Nos. 29, 32, 40, 42-43, 45-48, 50, 53-54, 59, and 62 and produce responsive documents within their possession, custody, or control;

- Find that Carter & JWC have waived their objections and must respond fully, without objection

- Order such response before the noticed Dec. 13, 2023 deposition of Jeffrey Carter.

If the Court grants this motion and orders compliance on a later date, the United States may request additional enlargements of the case deadlines so it may reschedule Carter's deposition after a time documents are produced and when there is sufficient time for Carter's testimony to be analyzed and incorporated into any expert report.

Dated: November 22, 2023　　　　　　　　Respectfully submitted,

RICHARD D. WESTPHAL
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov

13