IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES HUYSER, MATTHEW KINLEY, KENNETH BOYLE, JEFFREY W. CARTER, JWC INVESTMENTS L.C.,<br><br>Defendants. | 4:23-CV-00144-SHL-WPK<br><br><br><br>ORDER SETTING SETTLEMENT CONFERENCE AND FOR CONFIDENTIAL STATEMENTS |

At the request of and in coordination with counsel for Plaintiff, Defendant Matthew Kinley, and Defendant Kenneth Boyle, a Settlement Conference shall be held before Magistrate Judge William P. Kelly on **June 25, 2024**, beginning at **9:00 AM CST**. Plaintiff will appear via Zoom Video Conference. Defendant Matthew Kinley, Defendant Kenneth Boyle, and their respective counsel will appear in person at the United States Courthouse in Des Moines, Iowa, Room 455.

Each party shall provide the undersigned with a confidential statement, no longer than three pages, regarding the key legal and factual issues in the case, as well as a summary of the settlement negotiations to date. **That statement shall be provided to the Court by no later than Friday, June 21, 2024, at 4:00 PM CST by email to IASDCHMBWPK@iasd.uscourts.gov.** The parties are directed to provide the Court with the names of all persons who will be attending the settlement conference and their titles.

The Court strongly discourages the parties from providing attachments to the confidential statement, either in paper or in electronic form. If by the party's estimation there are sufficiently important matters that should be brought to the Court's attention, such as pleadings, briefs, or discovery matters (including depositions), then those matters can be cited within the confidential statement. However, it is incumbent upon the party urging the importance of those matters to summarize within the

confidential statement the information contained in those pleadings or transcripts, as opposed to simply attaching documents. A failure by any party to provide the Court with a confidential statement by the time and date ordered could result in the Court canceling or rescheduling the settlement conference.

Plaintiff shall have made at least one settlement demand to Defendant Matthew Kinley and Defendant Kenneth Boyle, and Defendant Matthew Kinley and Defendant Kenneth Boyle shall have made at least one settlement offer to Plaintiff, by no later than **two business days** preceding the date of the settlement conference.

**Defendant Matthew Kinley and Defendant Kenneth Boyle shall have a representative present, either in person or via videoconference, who has full authority to settle their portion of the case. No non-parties shall be permitted to participate in the settlement conference without prior Court approval, and in no event in the absence of the filing of a motion specifying the reason(s) that such non-party participation is indispensable to the conduct of the settlement conference.**

The success or failure of a settlement conference is driven by the commitment made by each party and its counsel to a candid, good-faith participation in the settlement conference. It should be the duty of each party and its counsel to fully analyze all issues pertaining to the settlement conference. It shall be the duty of the lawyer representing a party to notify the Court and opposing counsel when a lawyer knows or has reason to believe that her or his client does not intend to participate in good faith in the settlement conference, does not intend to have someone present with full authority to settle the case, or that issues have arisen or changed that would make a good faith settlement negotiation difficult or impossible. A failure on the part of a lawyer to give timely and reasonable notice to the Court and opposing counsel of the inability of a party to proceed with a settlement conference could result in the imposition of sanctions in the form of expenses and attorney fees.

Below is an outline for the parties to review prior to the settlement conference to make the best use of the time allotted.

IT IS SO ORDERED.

DATED this 21st day of May 2024.

_____
Honorable William P. Kelly
U.S. Magistrate Judge

**SETTLEMENT CONFERENCE PREPARATION**

Experience shows that in negotiations the party who is best prepared usually obtains the best result. Settlement conferences can be held more efficiently if all parties and counsel are prepared. The following are some areas to consider in order to aid in the effectiveness of this settlement conference.

A.  FORMAT

    1.  Parties with ultimate settlement authority must be available.

    2.  The Court will use a mediation format and private caucusing with each side; the judge may address your client directly.

    3.  We will begin in a joint session.

    4.  Please let me know if any lawyer or client representative have time constrictions on the date of the conference.

    5.  Do you want a summary jury trial, arbitration, mini-trial, or other procedure instead of/after this conference? If so, or if you want to know more about these processes, please contact the Court so a conference call to discuss options can be arranged. Have you discussed these options with your client?

B.  ISSUES

    1.  What is the status of discovery?

    2.  What issues (in and outside of this lawsuit) need to be resolved? Are there any issues as to which there is agreement? (Please describe.) What are the strengths and weaknesses of each issue of disagreement? What is your most persuasive argument?

    3.  What remedies are available resulting from this litigation or otherwise?

    4.  Is there any ancillary litigation pending/planned that affects case value?

    5.  Do you have enough information to value the case? If not, how are you going to get more information before the conference?

    6.  Do attorney fees or other expenses affect settlement? Have you communicated this to the other side?

      7.      What is the nature of the parties' relationships? Are they ongoing in nature?

C.    AUTHORITY

      1.      Are there outstanding liens? Have you verified amounts and whether they are negotiable? Do we need to include a representative of the lien holder? If so, contact the Court immediately.

      2.      Is there valid insurance coverage? In what amount? If coverage is at issue, or the amount/type affects settlement value, have you notified the other side? Do we need to include the representative from more than one company/carrier? If so, notify the Court immediately.

D.    NEGOTIATIONS

      1.      Where have your last discussions ended? Are you sure?

      2.      Can you have any discussions before the settlement conference to make it proceed more efficiently?

      3.      What value do you want to start with? Why? Have you discussed this with your client?

      4.      What value do you want to end with? Why? Have you discussed this with your client? Is it significantly different from values you have placed on this case at other times?

      5.      Is there confidential information which affects case value? Why can't/won't/shouldn't it be disclosed? How can the other side be persuaded to change value if it does not have this information?

      6.      All counsel — bring evidence, including witness statements, deposition transcripts, damage calculations, etc. that could be shared with the court and/or the other parties at the settlement conference.

      7.      What happens if you do not settle the case at the conference? What is your best alternative to a negotiated settlement? Why?

E.  CLOSING

    1.  If settlement is reached, do you want it on the record?

    2.  Have you discussed settlement formats with your client? Does the client understand structured settlements, annuities, and Rule 68 offers to compromise?

    3.  How soon could checks/closing documents be received?

    4.  Will one of the attorneys bring a laptop with a draft agreement for discussion purposes?

    5.  If settlement is not reached, and further discovery is needed, what is your plan for continued settlement discussions? Do you want Court involvement in these talks?

    6.  If settlement is not reached, be prepared to discuss it again at the final pretrial conference.