# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES HUYSER,
MATTHEW KINLEY,
KENNETH BOYLE,
JEFFREY W. CARTER, *and*
JWC INVESTMENTS, L.C.,

    Defendants.

Case No. 4:23-cv-00144-SHL-WPK

## UNITED STATES' OPPOSED MOTION TO FILE OVERLENGTH BRIEF IN SUPPORT OF ITS PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7(h) & 56(a)(2), Plaintiff United States respectfully moves the Court for leave to file an overlength brief in support of its *Motion for Partial Summary Judgment* against all Defendants in the above-captioned case. There is good cause for this request as stated below.

1. Local Rule 7(h) provides that briefs are limited to 20 pages in length.

2. <u>In this case through its *Motion for Partial Summary Judgment*, the United States seeks relief with respect to all five defendants</u> – James Huyser, Matthew Kinley, Kenneth Boyle, Jeffrey W. Carter, and JWC Investments, L.C. ("JWC") and further separate relief against Carter & JWC alone.

3. In its motion, the United States seeks entry of partial summary

judgment in its favor determining that Huyser, Kinley, Boyle, Carter, and JWC are collaterally estopped from relitigating issues and facts finally determined in the prior litigation ("Refund Suit") involving Alternative Carbon Resources, LLC ("ACR"), the limited liability company for which the Defendants served as members, which resulted in a $59 million money judgment entered against ACR and in favor of the United States.

4.  In addition, the United States seeks entry of partial summary judgment against Carter and JWC finding that JWC is Carter's alter ego and, for the purposes of liability in this case, Carter and JWC should be treated as one and the same.

5.  As the United States seeks relief against all five defendants on these two topics, the United States' brief requires presenting both the significant prior history and background of the ACR Refund Suit, the law of issue preclusion, and the law and supporting facts on the separate alter ego issue regarding Carter and JWC.

6.  Accordingly, the United States' brief addresses and explains the issues described above, and, as a result, requires a 50-page brief.

7.  The United States requests leave to file its 50-page brief in in support of its motion so that the United States may fully address the law, the prior history in this case, and the relief sought against each of the five defendants. The additional pages are also necessary to fully and correctly state applicable law, set forth the necessary background from the Refund Suit and the specific

matters subject of collateral estoppel (or issue preclusion), and the separate alter ego relief sought.

8. Given the foregoing, there is good cause to grant the United States leave to file a 50-page brief: this will allow for the Court to be fully informed on these issues.

9. <u>Good cause also exists because the Court and all parties benefit from the efficiencies of the United States filing a single motion for summary judgment against all five Defendants</u>, rather than serial partial summary judgment filings against each separate Defendant (while repeatedly restating the same overlapping facts and law).

10. While Local Rule 56 does not prohibit separate summary judgment motions against each Defendant in this District, the United States respectfully submits that the filing of a single motion, with one supporting 50-page brief, is appropriate because this case involves <u>multiple defendants</u>, <u>multiple claims</u>, <u>varying legal and factual issues</u>, and <u>overlapping legal and factual issues</u>.[1]

11. Moreover, filing a single motion with an extended brief furthers "both the Court's and the parties' interest in efficiency and finality" in these

---

[1] *See e.g. In re Gold King Mine Release,* 2021 WL 1227724, at *1 (D.N.M. 2021)(finding in suit where party filed four serial summary judgment filings that "There are many parties with different claims and defenses, each having different legal and factual issues. The separate motions for partial summary judgment filed by [movant] in this particular complex multidistrict case will help expedite the resolution of issues in this case. Extended page limits likely would be required, and granted, if [movant] had filed one motion addressing the four issues.").

circumstances.[2]

12. Further, good cause exists because entry of partial summary judgment in favor of the United States (or findings on material facts not in dispute under Fed. R. Civ. P. 56(g) if the motion were to be denied), will streamline the case and narrow the issues and evidence presented at trial. Accordingly, it is in the interest of judicial economy that leave should be granted here.

13. On Wednesday June 26, 2024, by email, undersigned counsel for the United States contacted counsel for all appearing defendants to obtain their position on whether they consent or opposed the United States seeking to file its 50-page brief. <u>Counsels for Jeffrey Carter, JWC Investments L.C., James Huyser, Matthew Kinley, and Kenneth Boyle all replied that they oppose the United States' motion to file its overlength brief</u>.

14. Pursuant to Local Rule 7(h), the United States files its overlength brief in support of partial summary judgment as an attachment to this motion.

Wherefore, the United States respectfully requests the Court grant it leave to file a 50-page brief in support of its *Motion for Partial Summary Judgment*.

---

[2] *Wootten v. Commonwealth of Virginia,* 216 WL 4742336, at *3 (W.D. Va. 2016) ("[I]t sets bad precent to allow parties to file serial motions for summary judgment because repetitive motion practice undermines both the Court's and the parties' interests in efficiency and finality.")(internal citation and quotations omitted).

Dated: June 26, 2024                    Respectfully submitted,

                                                    RICHARD D. WESTPHAL
United States Attorney

DAVID A. HUBBERT
Deputy Assistant Attorney General

<u>/s/ Gretchen Ellen Nygaard</u>
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
ALLISON RICE
D.C. Bar No. 1671160
WILLIAM CHANG
D.C. Bar No. 1030057
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C. 20044
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov

5

# CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of June, 2024 a true and correct copy of the foregoing MOTION and attached overlength BRIEF in support of the United States' *Motion for Partial Summary Judgment* has been served by filing electronically with the Court's CM / ECF system on the following ECF participants:

| | |
|---|---|
| David A. Morse, Esq.<br>Law Offices of David A. Morse<br>1010 Insurance Exchange Building<br>505 Fifth Avenue<br>Des Moines, IA 50309<br><br>*Counsel for Defendant James Huyser* | Todd Lantz, Esq.<br>Jason Smith, Esq.<br>Weinhardt Law Firm<br>2600 Grand Avenue, Suite 450<br>Des Moines, IA 50312<br><br>*Counsel for Defendant Kenneth Boyle* |
| Shayla McCormally, Esq.<br>Kolby Warren, Esq.<br>McCormally & Cosgrove PLLC<br>4508 Fleur Drive<br>Des Moines, IA 50321<br>shayla@mciowalaw.com<br><br>*Counsel for Defendants Jeffrey Carter & JWC Investments L.C.* | Bruce W. Baker, Esq.<br>Matthew A. McGuire, Esq.<br>Randall D. Armentrout, Esq.<br>Nyemaster Goode PC<br>700 Walnut Street, Suite 1600<br>Des Moines, IA 50309<br>bwbaker@nyemaster.com<br>mmcguire@nyemaster.com<br><br>*Counsel for Defendant Matthew Kinley* |

/s/ Gretchen Ellen Nygaard
GRETCHEN ELLEN NYGAARD
D.C. Bar No. 1006292
Trial Attorney, Tax Division
Department of Justice
P.O. Box 7238, Ben Franklin Station
Washington, D.C.
Telephone: 202-305-1672
Fax: 202-514-6770
Gretchen.E.Nygaard@usdoj.gov

*Counsel for Plaintiff United States*