## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                       Case No. 4:23-cv-00144-SHL-WPK

     v.

JAMES HUYSER,
KENNETH BOYLE,
JEFFREY W. CARTER, *and*
JWC INVESTMENTS, L.C.,

     Defendants.

## JOINT MOTION BY UNITED STATES AND
## KENNETH BOYLE FOR ENTRY OF JUDGMENT

Plaintiff United States and Defendant Kenneth Boyle have reached a settlement agreement that would resolve all claims asserted by the United States against Boyle in this action. Accordingly, the United States and Boyle respectfully move, pursuant to Fed. R. Civ. P. 54(b), for entry of final judgment against him pursuant to terms of their Stipulation for Entry of Judgment (attached as Exhibit A). The grounds for this joint motion are set forth below.

1.     On May 1, 2023, the United States filed a Complaint against multiple Defendants, including Kenneth Boyle, seeking to pierce the corporate veil of the Iowa LLC, Alternative Carbon Resources, LLC ("ACR") to obtain money judgments, jointly and severally against the individual members of ACR (*i.e.*, James Huyser, Matthew Kinley, Kenneth Boyle, Jeffrey W. Carter, and JWC Investments, L.C.).

2.      The United States and Boyle agree that the jurisdictional prerequisites to this action and for entry of final judgment against Boyle are met.

3.      Entry of the final judgment against Boyle would not resolve the United States' claims against Defendants Huyser, Carter, and JWC Investments, L.C., set for trial commencing on June 16, 2025.[1]

4.      As Fed. R. Civ. P. Rule 54(b) states, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Courts apply a two-step analysis in determining whether to enter a Rule 54(b) judgment.  First, the court "'must first determine that it is dealing with a final judgment . . . in the sense that it is an ultimate disposition of an individual claim.'"  *Williams v. County of Dakota*, 687 F. 3d 1064, 1067 (8th Cir. 2012) (quoting *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011) (*quoting Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980)).  With respect to Boyle, the stipulated judgment meets this requirement because it resolves all the United States' claims against him in this action.

5.      Second, "[i]n determining that there is no just reason for delay, the district court must consider both the equities of the situation and judicial administrative interests, particularly the interest in preventing piecemeal appeals."  *Id.* at 1067 (citation and quotation omitted)).  Here, if the stipulated judgment is not

---

[1] Matthew Kinley entered into a settlement with the United States of the claims against him this action.  (Doc. No. 137.)

entered against Boyle, it would force him to participate in a trial and endure additional litigation in a case he wishes to settle.  The United States and Boyle negotiated the settlement agreement and stipulated judgment in good faith, both believe them to be equitable, and they fully resolve the United States' claims against him in this litigation.  Moreover, entry of judgment under Rule 54(b) against Boyle is not inequitable or "logically inconsistent" in this action involving joint and several liability, unlike litigation where plaintiff seeks joint liability requiring uniformity of liability.  *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 951 (7th Cir. 2020).

6.    Because there is no just reason for delay, the United States and Boyle respectfully request that the Court grant this motion and enter final judgment.

WHEREFORE, the United States and Kenneth Boyle respectfully request that the Court enter final judgment against Boyle.

//

//

//

//

//

//

//

//

//

DATED: June 12, 2025.

Respectfully Submitted,

*/s/ Harris J. Phillips*
HARRIS J. PHILLIPS
Senior Litigation Counsel
MA Bar No. 675603
harris.j.phillips@usdoj.gov

RUSSELL J. EDELSTEIN
MA Bar No. 663227
ALLISON RICE
D.C. Bar No. 1671160
PARKER KEMPIN
CO Bar No. 56602
Trial Attorneys, Tax Division
Department of Justice
P.O. Box 7238
Washington, D.C.
Telephone: 202-616-2704
Fax: 202-514-6770
russell.j.edelstein@usdoj.gov
allison.rice@usdoj.gov
parker.kempin@usdoj.gov
**ATTORNEYS FOR PLAINTIFF
UNITED STATES**

*/s/ Todd M. Lantz*
TODD M. LANTZ, AT0010162
JASON R. SMITH, AT0014862
The Weinhardt Law Firm
2600 Grand Avenue, Suite 450
Suite 450
Des Moines, Iowa 50312
Telephone: (515) 344-3100
Email: tlantz@weinhardtlaw.com
jsmith@weinhardt.com
**ATTORNEYS FOR DEFENDANT
KENNETH BOYLE**